ARMAND J. KORNFELD (WSBA #17214)
THOMAS A. BUFORD (WSBA #52969)
RICHARD B. KEETON (WSBA #51537)
BUSH KORNFELD LLP
601 Union Street, Suite 5000
Seattle, WA 98101
Tel.: (206) 292-2110
Facsimile: (206) 292-2104
Emails: jkornfeld@bskd.com, tbuford@bskd.com, and
rkeeton@bskd.com

RICHARD M. PACHULSKI (CA Bar #90073)*
JEFFREY W. DULBERG (CA Bar #181200)*
JASON H. ROSELL (CA Bar #269126)*
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4003
Tel: (310) 277-6910
Facsimile: (310) 201-0760
Emails: rpachulski@pszjlaw.com,
jdulberg@pszjlaw.com, and mlitvak@pszjlaw.com

*Admitted *Pro Hac Vice*

*Attorneys for Plaintiff,
Debtors and Debtors in Possession*

HON. WHITMAN L. HOLT

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re | Chapter 11 |
| EASTERDAY RANCHES, INC., *et al.* | Lead Case No. 21-00141-11<br>Jointly Administered |
| Debtors.[1] | |
| EASTERDAY FARMS,<br><br>Plaintiff,<br><br>v.<br><br>3E PROPERTIES, JODY EASTERDAY, ESTATE OF GALE A. EASTERDAY (DECEASED) KAREN L. EASTERDAY, CODY A. EASTERDAY, AND DEBBY EASTERDAY<br><br>Defendants. | Adv. Pro. No. 21-_____ (WLH)<br><br>**COMPLAINT** |

[1]  The Debtors along with their case numbers are as follows: Easterday Ranches, Inc. (21-00141) and Easterday Farms, a Washington general partnership (21-00176).

COMPLAINT AGAINST 3E PROPERTIES, *et al.* – Page 1

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

em27fx010y

Easterday Farms ("Farms" or "Plaintiff"), one of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), hereby submits this Complaint and in support hereof respectfully states as follows:

## NATURE OF ACTION

1. This adversary proceeding seeks a determination regarding the ownership interests of Farms' estate in that certain property commonly referred to as the "Onion Shed" located in Pasco, Washington (the "Pasco Onion Shed Property").

2. Upon information and belief, any purported transfer of Farms' interest in the Pasco Onion Shed Property to Defendant Jody Easterday or Defendant 3E Properties ("3E") was conducted without the requisite authority to do so under Washington state law. Consequently, any interest asserted by Defendants Jody Easterday or 3E in the Pasco Onion Shed Property has no legal effect.

3. Accordingly, by this Complaint, Farms seeks judicial determinations and declaratory judgments that the entirety of the Pasco Onion Shed Property is property of its estate and is not owned, in whole or in part, by any of the Defendants.

## JURISDICTION AND VENUE

4. This is an adversary proceeding pursuant to Rule 7001(2) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

5. This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b).

6. Venue of the Debtors' bankruptcy cases and this adversary proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7. Pursuant to Bankruptcy Rule 7008, Plaintiff submits to entry of final orders or judgment by this court in this adversary proceeding.

COMPLAINT AGAINST 3E PROPERTIES, *et al.* –
Page 2

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

em27fx010y

## PARTIES

8. Plaintiff is one of the debtors and debtors in possession in the above-captioned chapter 11 bankruptcy cases.

9. Defendant 3E Properties, is a Washington state general partnership.

10. Upon information and belief, Defendant Jody Easterday is an individual residing in the State of Washington.

11. Upon information and belief, Defendant Estate of Gale A. Easterday (deceased) is a probate estate currently administered by Defendant Karen L. Easterday (widow of Gale A. Easterday), an individual residing in the State of Washington. Defendant Karen L. Easterday is a party to this action in her individual capacity and as the personal representative of the probate estate of Gale A. Easterday in Probate Case No. 21-4-50004-11, Franklin County, Washington.

12. Upon information and belief, Defendants Cody A. Easterday and Debby Easterday (husband and wife) are individuals residing in the State of Washington.

## BACKGROUND

### A.    General Background

13. On February 1, 2021, Debtor Easterday Ranches, Inc. ("Ranches") filed a voluntary petition for relief under chapter 11 of title 11 of the U.S. Code (the "Bankruptcy Code") before this court.

14. On February 8, 2021, Farms also filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code before this court.

15. The Debtors continue to operate and manage their business and affairs as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. Two separate Official Committees of Unsecured Creditors have been appointed in the Debtors' cases by the Office of the U.S. Trustee.

COMPLAINT AGAINST 3E PROPERTIES, *et al.* –
Page 3

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

**B.**   **The Formation of Farms and the Farms Partnership Agreement**

16.   On or about October 27, 1999, the Farms General Partners executed that certain *Easterday Farms Partnership Agreement* (the "Farms Partnership Agreement").[2]   The Farms Partnership Agreement expressly provides that the Farms partnership is a continuation of "an already existing partnership which commenced January 1, 1993 . . . ." Farms Partnership Agreement, ¶ 2.

17.   The Farms Partnership Agreement expressly provides that **title to Farms' property "shall be acquired and held in the names of the [Farms' General Partners]."**   Farms Partnership Agreement, ¶ 8 (emphasis supplied).

**C.**   **The Pasco Onion Shed Property**

18.   On October 31, 1995, the Farms General Partners, as "Purchasers," and Charlie and Helen Cox, husband and wife, as "Sellers" (together, the "Coxes") entered into that certain *Real Estate Contract (Long Form)* (the "Purchase Agreement") with respect to the Pasco Onion Shed Property, which is identified as Assessor's Property Tax Parcel/Account Number 112-021-017 with a legal description of:[3]

> All of Blocks 13 and 14, Northern Pacific First Addition to the City of Pasco, According to the Plat Thereof Recorded in Volume B of Plats, Page 60, Records of Franklin County Washington.

A copy of the Purchase Agreement is attached hereto as **Exhibit 1**.

19.   The Purchase Agreement contemplated the purchase of the Pasco Onion Shed Property and certain potato processing equipment identified therein (the "Potato Equipment") for an aggregate purchase price of $650,000 (the "Purchase Price"), which was payable as follows: $150,000 due at sale closing, followed by ten (10) annual

---

[2] The general partners of Farms are Defendants Gale A. Easterday, Karen L. Easterday, Cody A. Easterday, and Debby Easterday (collectively, in such capacities, the "Farms General Partners"). Defendant Jody Easterday is not among the Farms General Partners.

[3] The Pasco Onion Shed Property has a street address of 1427 North First Avenue, Pasco, Washington 99301.

COMPLAINT AGAINST 3E PROPERTIES, *et al.* – Page 4

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

payments of $51,000 beginning on December 1, 1996 through November 1, 2005 (collectively, the "Annual Payments").[4]  *See* Purchase Agreement, §§ B and C.  Upon the Farms General Partners' payment of all of the Purchase Price (inclusive of the Annual Payments), the Coxes agreed to deliver a fulfillment deed and bill of sale to the Farms General Partners.  *See* Purchase Agreement, ¶ 5.

20.    **In addition, the Purchase Agreement expressly provides that title to the Pasco Onion Shed property was to remain with the Coxes until the delivery of a fulfilment deed by the Coxes.**  The Farms General Partners also granted the Coxes a security interest in (i) all condemnation awards and insurance proceeds relating to the Pasco Onion Shed Property and (ii) all rights, titles, and interest in the Potato Equipment.  *See id.*

21.    On November 1, 1995, the Purchase Agreement was recorded as instrument number 950525228 in the county records of Franklin County, Washington Auditor's Office.  Additionally, on that same date, a UCC-2 fixture filing (the "Fixture Filing"), as authorized under the Purchase Agreement was also recorded with the Franklin County, Washington Auditor's Office, as instrument number 950525230.  The Fixture Filing identified the secured parties as the Coxes and, importantly, the Farms General Partners as the debtors, "D/B/A EASTERDAY FARMS."   A copy of the Fixture Filing is attached hereto as **Exhibit 2**.

22.    Upon information and belief after reasonable inquiry, on November 1, 1995, Farms issued Check No. 89198 to Chicago Title, the title company with respect to Farms' acquisition of the Pasco Onion Shed Property, in the amount of $55,124.89 with the memo "Cox Storage/Closing Cox."

---

[4] Upon information and belief, the Coxes and the Farms General Partners agreed to an annual payment in the amount of $1,000, in lieu of interest, which accounts for the discrepancy between the aggregate value of the Annual Payments and the stated amount of the Purchase Price.

COMPLAINT AGAINST 3E PROPERTIES, *et al.* – Page 5

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

23.     On April 20, 1999, that certain *Record Survey* (the "Survey") with respect to the Pasco Onion Shed Property was recorded with the Franklin County, Washington Auditor's Office as instrument no. 1564844.  The Survey indicates that it was conducted on behalf of Farms.   A copy of the Survey is attached hereto as **Exhibit 3**.

**D.     The Coxes' Deaths and the Fulfillment Deeds Recordation**

24.     Prior to the completion of payments under the Purchase Agreement by Farms, the Coxes died, and their estates executed various deeds related to the Coxes' respective interests in the Pasco Onion Shed Property.

25.     On January 14, 2003, Baker-Boyer National Bank ("BBNB"), as personal representative of the Estate of Charlie Needham Cox, Jr., executed that certain *Personal Representative's Deed and Seller's Assignment of Real Estate Contract* (the "Charlie Cox Estate Deed"), which conveyed an undivided one-half interest in the Pasco Onion Shed Property and assigned an undivided one-half interest in the Purchase Agreement to the Columbia Basin College Foundation (the "Foundation").  On January 15, 2003, the Charlie Cox Estate Deed was recorded with the Franklin County, Washington Auditor's Office as instrument no. 1617747.  A copy of the Charlie Cox Estate Deed is attached hereto as **Exhibit 4**.

26.     On February 26, 2003, the Foundation executed that certain *Statutory Warranty Deed (Fulfillment)* (the "Charlie Cox Fulfillment Deed"), which conveyed an undivided one-half interest in the Pasco Onion Shed Property to the Farms General Partners and acknowledged the fulfilment of the Purchase Agreement.

27.     On December 29, 2003, BBNB and Louise Chaney ("Chaney"), as co-personal representatives of the Estate of Helen C. Cox, executed that certain *Personal Representative's Partial Deed and Seller's Assignment of Real Estate Contract* (the "Initial Helen Cox Estate Deed"), which conveyed certain specified interests in the Pasco Onion Shed Property and assigned certain interests in the Purchase Agreement to

COMPLAINT AGAINST 3E PROPERTIES, *et al.* –
Page 6

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

em27fx010y

nine (9) grantees specifically identified therein (the "<u>Initial Helen Cox Estate Grantees</u>").  On that same date, the Initial Helen Cox Estate Deed was recorded with the Franklin County, Washington Auditor's Office as instrument no. 1638049.

28.     On April 28, 2004, BBNB and Cheney, as co-personal representatives of the Estate of Helen C. Cox, executed that certain *Personal Representative's Deed and Seller's Assignment of Real Estate Contract* (the "<u>Second Helen Cox Estate Deed</u>", and together with the Initial Helen Cox Estate Deed, the "<u>Helen Cox Estate Deeds</u>"), which conveyed the remaining interest of the Estate of Helen C. Cox in the Pasco Onion Shed Property as well as assigned such estate's remaining interest in the Purchase Agreement to eleven (11) grantees specifically identified therein (the "<u>Second Helen Cox Estate Grantees</u>", and together with the Initial Helen Cox Estate Grantees, the "<u>Helen Cox Estate Grantees</u>").  On May 3, 2004, the Second Helen Cox Estate Deed was recorded with the Franklin County, Washington Auditor's Office as instrument no. 1643951. Copies of the Helen Cox Estate Deeds are attached hereto as **Exhibit 5**.

29.     At various times between June and September 2004, the Helen Cox Estate Grantees executed their respective *Statutory Warranty Deed (Fulfilment)* (collectively, the "<u>Helen Cox Fulfillment Deeds</u>", and together with the Charlie Cox Fulfillment Deed, the "<u>Fulfillment Deeds</u>"), which conveyed each such grantee's interest in the Pasco Onion Shed Property to the Farms General Partners and acknowledged the fulfillment of the Purchase Agreement.

30.     On September 19, 2006, the Charlie Cox Fulfillment Deed was recorded with the Franklin County, Washington Auditor's Office as instrument no. 1689918.  On that same date, each of the Helen Cox Fulfillment Deeds were recorded with the Franklin County, Washington Auditor's Office as instrument nos. 1689879, 1689880, 1689881, 1689882, 1689883, 1689884, 1689885, 1689886, 1689887, 1689888,

COMPLAINT AGAINST 3E PROPERTIES, *et al.* –
Page 7

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1689912, 1689913, 1689914, 1689915, 1689916, and 1689917. Copies of the Fulfillment Deeds are attached hereto as **Exhibit 6**.

31. Accordingly, on September 19, 2006, following the recording of the Fulfillment Deeds, full ownership of the Pasco Onion Shed was vested in Farms, held in the names of each of the Farms General Partners, in accordance with the terms and conditions of the Farms' Partnership Agreement. The entirety of the Pasco Onion Shed Property constitutes property of Farms' estate.

**E.      The Purported Transfers to Jody and the Formation of 3E**

32. On or about July 24, 1997, the Farms General Partners and Jody Easterday (collectively, in such capacities, the "3E General Partners"), executed that certain *3E Properties Partnership Agreement* (the "3E Partnership Agreement"). The 3E Partnership Agreement provides that 3E began as of January 1, 1997. 3E Partnership Agreement, ¶ 2. As initially drafted, the 3E Partnership Agreement provided that title to 3E's property "shall be acquired and held in the name of the [3E General Partners]." 3E Partnership Agreement, ¶ 8.

33. On that same date, following the execution and recording of the Purchase Agreement but prior to the execution and recording of the Fulfilment Deeds, the Farms General Partners executed that certain *Quit Claim Deed* (the "1997 Quit Claim Deed"), which purported to convey, "for and consideration of Love and Affection," an undivided one-sixth interest in the Pasco Onion Shed Property to Jody Easterday. On July 29, 1997, the 1997 Quit Claim Deed was recorded with the Franklin County, Washington Auditor's Office as instrument no. 970543716.

34. On June 18, 1998, following the execution and recording of the Purchase Agreement but prior to the execution and recording of the Fulfilment Deeds, the Farms General Partners executed that certain *Quit Claim Deed* (the "1998 Quit Claim Deed", and together with the 1997 Quit Claim Deed, the "Quit Claim Deeds"), which purported

COMPLAINT AGAINST 3E PROPERTIES, *et al.* –
Page 8

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

em27fx010y

to convey, "for and consideration of love and affection," an undivided one-sixth interest in the Pasco Onion Shed Property to Jody Easterday. On July 7, 1999, the 1998 Quit Claim Deed was recorded with the Franklin County, Washington Auditor's Office as instrument no. 1567859.[5]   Copies of the Quit Claim Deeds are attached hereto as **Exhibit 7**.

35.    On March 15, 2005, each of the 3E Partners executed that certain amendment (the "3E Partnership Amendment"), which amended paragraph 8 of the 3E Partnership Agreement to provide that **title to 3E's property "shall be in the name of the partnership."**

36.    Upon information and belief after reasonable inquiry, Jody Easterday and 3E assert an ownership interest in the Pasco Onion Shed Property, to the exclusion of Farms.  However, the Defendants do not own or have any right to the Pasco Onion Shed Property.  Accordingly, Farms disputes that any of the Defendants have an ownership interest in some or all of the Pasco Onion Shed Property.

## COUNT I
## DETERMINATION OF VALIDITY, PRIORITY, OR EXTENT
## OF INTERESTS IN PROPERTY
## (Fed. R. Bankr. P. 7001(2))

37.    Farms repeats and realleges the allegations contained in each preceding paragraph of this Complaint as though fully set forth herein.

38.    Pursuant to and in accordance with the terms of the Farms Partnership Agreement, the title to the Pasco Onion Shed Property has been held in the names of the Farms General Partners.  The Quit Claim Deeds purporting to transfer an interest in the Pasco Onion Shed Property were of no legal force or effect.

---

[5] A previous version of the 1998 Quitclaim Deed, containing certain typographical errors was recorded with the Franklin County, Washington Auditor's Office as instrument no. 1563617, on March 22, 1999.

COMPLAINT AGAINST 3E PROPERTIES, *et al.* –
Page 9

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

em27fx010y

39.     The Pasco Onion Shed Property is entirely owned by Farms' estate, and therefore not by any of (i) the Farms General Partners in their individual capacities, (ii) 3E, or (iii) Jody Easterday.

40.     Farms is therefore entitled to a judicial determination by this court that the Pasco Onion Shed Property belongs solely to Farms' estate.

## COUNT II
## DECLARATORY JUDGMENT
### (28 U.S.C. §§ 2201, 2202)

41.     Farms repeats and realleges the allegations contained in each preceding paragraph of this Complaint as though fully set forth herein.

42.     Upon information and belief after reasonable inquiry, the Defendants assert that the Pasco Onion Shed Property is owned in whole or in part by them.

43.     Farms asserts that the Pasco Onion Shed Property belongs to its estate and not to any other party, including any of (i) the Farms General Partners in their individual capacities, (ii) 3E, or (iii) Jody Easterday.

44.     Thus, an actual, substantial, and justiciable controversy exists between the Plaintiff and Defendants concerning the ownership of the Pasco Onion Shed Property.

45.     Such a controversy is sufficient to warrant the issuance of a declaratory judgment that the Pasco Onion Shed Property is owned entirely by Farms' estate and none of (i) the Farms General Partners in their individual capacities, (ii) 3E, or (iii) Jody Easterday have a direct ownership interest of the Pasco Onion Shed Property.

## COUNT III
## DECLARATORY JUDGMENT
### (28 U.S.C. §§ 2201, 2202)

46.     Farms repeats and realleges the allegations contained in each preceding paragraph of this Complaint as though fully set forth herein.

COMPLAINT AGAINST 3E PROPERTIES, *et al.* –
Page 10

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

em27fx010y

47.    Upon information and belief after reasonable inquiry, Defendant Jody Easterday asserts that the Quitclaim Deeds are valid and enforceable conveyances of interests in the Pasco Onion Shed Property.

48.    Farms asserts that the Quitclaim Deeds are invalid and of no legal force or effect.

49.    Thus, an actual, substantial, and justiciable controversy exists between Farms and Defendant Jody Easterday concerning the validity and enforceability of the Quitclaim Deeds.

50.    Such a controversy is sufficient to warrant the issuance of a declaratory judgment that the Quitclaim Deeds are invalid and of no legal force or effect.


[*Remainder of Page Intentionally Left Blank*]


COMPLAINT AGAINST 3E PROPERTIES, *et al.* –
Page 11

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

em27fx010y

## **PRAYER FOR RELIEF**

WHEREFORE, by reason of the foregoing, the Debtors request that the Court enter judgment:

(1)     determining that the Pasco Onion Shed Property belongs to Farms' estate and not to the Defendants;

(2)     declaring that the Pasco Onion Shed Property constitutes, in its entirety, property of Farms' estate;

(3)     declaring that the Quit Claim Deeds are invalid and of no legal force and effect; and

(4)     granting Farms such other and further relief as the court deems just, proper and equitable, including the costs and expenses of this action.

Dated: December 27, 2021        BUSH KORNFELD LLP

*/s/ Thomas A. Buford*
THOMAS A. BUFORD, III (WSBA 52969)
BUSH KORNFELD LLP

RICHARD M. PACHULSKI (admitted *pro hac vice*)
JEFFREY W. DULBERG (admitted *pro hac vice*)
JASON H. ROSELL (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP

*Attorneys for Plaintiff,*
*Debtors and Debtors in Possession*

DOCS_NY:44748.5

COMPLAINT AGAINST 3E PROPERTIES, *et al.* –
Page 12

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

em27fx010y

1

# **Exhibit 1**

2

*Purchase Agreement*

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

em27fx010y

525228        VOL0378 PG0678

**Chicago Title**

FILED FOR RECORD AT REQUEST OF

RECORD AT TITLE
THIS SPACE PROVIDED FOR RECORDER'S USE
REQUEST OF

CHICAGO TITLE INSURANCE
Nov   3 24 PH '95
525228
ZONA C. LEWART
FRANKLIN COUNTY AUDITOR
DEPUTY  D  ____
MAIL TO.  ____

CHICAGO TITLE INSURANCE

WHEN RECORDED RETURN TO

Name _____
Address _____
City, State, Zip _____

46606KF/SW    112021-017                                          LPB-45

### REAL ESTATE CONTRACT
(LONG FORM)
### I. SPECIFIC TERMS

#### A. PARTIES, PROPERTY AND PURCHASE PRICE:

UNOFFICIAL COPY

| | |
|---|---|
| Date: | OCTOBER 31, 1995                   19 |
| Seller: | CHARLIE COX AND HELEN COX, HUSBAND AND WIFE |
| Seller's Address: | P.O. BOX 849 |
| | PASCO   WA   99301 |
| Purchaser: | GALE EASTERDAY AND KAREN EASTERDAY, HUSBAND AND W |
| | AND CODY EASTERDAY AND DEBBY EASTERDAY, |
| | HUSBAND AND WIFE |
| Purchaser's Address: | 631 BELLFLOWER ROAD |
| | MESA   WA   99343 |
| Real Property Legal Description: | ALL OF BLOCKS 13 AND 14, NORTHERN PACIFIC |
| | ADDITION TO THE CITY OF PASCO, ACCORDING TO |
| | THE PLAT THEREOF RECORDED IN VOLUME B OF |
| | PLATS, PAGE 60, RECORDS OF FRANKLIN |
| | COUNTY, WASHINGTON |

REAL EST____
Franklin County, ____
NOV   1 1995
9180.00  F ____
_. ____ .in County Treasurer

| | |
|---|---|
| Personal Property: | POTATO PROCESSING EQUIPMENT ATTACHED HERETO |
| | AS EXHIBIT "A" |
| Title to be Conveyed: | FEE SIMPLE |
| Form of Deed: | STATUTORY  WARRANTY |
| Title Exceptions (include leases): | RESERVATION IN DEED RECORDED NOVEMBER 14, 1990 |
| | UNDER AUDITOR'S FILE NO. 475531 |

Stock No. WAL-0635/CT (9-88)        LPB - 45        525228        Page 1 of 11

525228

| | | |
|---|---|---|
| Amount Which Has Been Paid to Seller: | $ 150,000.00 | U.S. |
| Balance Due: | $ 500,000.00 | U.S. |
| Purchaser to Pay to Seller: | $ 500,000.00 | U.S. |
| Purchaser to Pay Directly to Holders of Prior Encumbrances: | $ N/A | U.S. |
| TOTAL PURCHASE PRICE: | $ 650,000.00 | U.S. |

**B.  TERMS OF DEFERRED AMOUNT TO BE PAID TO SELLER:**

| | | |
|---|---|---|
| Interest Rate. | EIGHT (8) | percent per annum |
| Installment Periods: | ANNUALLY | |
| First Installment Date: | DECEMBER 1, | 1996 |
| Installment Amounts: | $ 51,000.00 | U.S. |
| Final Payment Date: | NOVEMBER 1, | 2005 |
| Default Rate: | | percent per annum |
| Late Charge: | | |
| INTEREST SHALL COMMENCE: | NOVEMBER 1, 1995 | |
| Prepayment Provisions: | | |

Prepayment Premium:

UNOFFICIAL COPY

| | |
|---|---|
| Address to which Installment Amounts are to be Sent: | AMERICAN NATIONAL BANK, 1115 W. CLARK, PASCO WA 9 |
| | $51,000.00 |

**C.  TERMS OF PRIOR ENCUMBRANCES**

Prior Encumbrance:

| | | |
|---|---|---|
| To be Paid By: | ☐ Seller | ☐ Purchaser |
| Current Holder: | N/A | |
| Original Principal Amount: | $ | U.S. |
| Interest Rate: | | percent per annum |
| Current Principal Balance: | $ | U.S. |
| Payment Dates: | | |
| Amount of Each Payment: | $ | |
| Secured By: | | |

| | | |
|---|---|---|
| Dated | | 19 |
| Recorded on | | 19 |
| Recording No. | | |

Prior Encumbrance:

| | | |
|---|---|---|
| To be Paid By: | ☐ Seller | ☐ Purchaser |
| Current Holder: | | |
| Original Principal Amount: | $ | U.S. |
| Interest Rate: | | percent per annum |
| Current Principal Balance: | $ | U.S. |
| Payment Dates: | | |
| Amount of Each Payment: | $ | |
| Secured By: | | |

| | | |
|---|---|---|
| Dated | | 19 |
| Recorded on | | 19 |
| Recording No. | | |

Prior Encumbrance:

| | | |
|---|---|---|
| To be Paid By: | ☐ Seller | ☐ Purchaser |
| Current Holder: | | |
| Original Principal Amount: | $ | U.S. |
| Interest Rate: | | percent per annum |
| Current Principal Balance: | $ | U.S. |
| Payment Dates: | | |
| Amount of Each Payment: | $ | |
| Secured By: | | |

| | | |
|---|---|---|
| Dated | | 19 |
| Recorded on | | 19 |
| Recording No. | | |

| LPB - 45 | | 525228 Page 2 of 11 |
|---|---|---|

525228    VOL0378 PG0680

## D. MISCELLANEOUS:

Portion of Purchase Price
Allocated to Real Property:    $ 600,000.00 _____ U.S.

Portion of Purchase Price
Allocated to Personal Property:    $ 50,000.00 _____ U.S.

Is the Property to be used principally for agricultural or farming purposes? ☐ Yes ☒ No.

Miscellaneous:    EXHIBIT "A" EQUIPMENT LIST _____
(Identify any Exhibits attached)    _____

    THE SELLER AND THE PURCHASER HEREBY AGREE TO THE TERMS HEREINABOVE SET FORTH
AND THE COVENANTS AND CONDITIONS CONTAINED IN THE ATTACHED GENERAL TERMS, ALL
OF WHICH ARE INCORPORATED BY THIS REFERENCE. IN THE EVENT OF ANY CONFLICT OR IN-
CONSISTENCY BETWEEN THE SPECIFIC TERMS (INCLUDING ANY EXIBITS ATTACHED) AND THE
GENERAL TERMS, THE FORMER SHALL NOT CONTROL.

    IN WITNESS WHEREOF, the seller and the Purchaser have executed this agreement as of the date first above stated.

UNOFFICIAL COPY

SELLER          PURCHASER

_Charlie Cox_        _Dale Easterday_
CHARLIE COX          DALE EASTERDAY

_Helen Cox_        _Karen Easterday_
HELEN COX          KAREN EASTERDAY

         _Cody Easterday_
         CODY EASTERDAY

         _Debby Easterday_
         DEBBY EASTERDAY

---

| STATE OF WASHINGTON | ss. | STATE OF WASHINGTON | ss. |
|---|---|---|---|
| COUNTY OF BENTON | | COUNTY OF _____ | |

On this day personally appeared before me

CHARLIE COX and HELEN COX

to me known to be the individual described
in and who executed the within and forego-
ing instrument, and acknowledged that
     THEY
signed the same as    THEIR
free and voluntary act and deed, for the uses
and purposes therein mentioned.

    GIVEN under my hand and official seal
this
31ST day of OCTOBER, 19 85
_Cherry _____
Notary Public in and for the State of
Washington, residing at RICHLAND

My Commission expires 4-6-97

---

On this _____ day of _____, 19____
before me, the undersigned, a Notary Public in and for the State of
Washington, duly commissioned and sworn, personally
appeared _____

_____ and _____

_____ to me known to be the
_____ respectively of
the _____ that executed the foregoing instrument, and
acknowledged the said instrument to be the free and voluntary act
and deed of said _____ for the uses and
purposes therein mentioned, and on oath stated that _____
_____ authorized to execute the
said instrument.

Witness my hand and official seal hereto affixed the day and year
first above written.

_____
Notary Public in and for the State of Washington, residing at

My Commission expires on _____

LPB - 45        525228        Page 3 of 11

## II. GENERAL TERMS

1  AGREEMENT OF SALE. The Seller agrees to sell and the Purchaser agrees to purchase all that certain Real Property and Personal Property (collectively the "Property") described in this contract, subject to the Title Exceptions listed in the Specific Terms hereof, to any of the Prior Encumbrances so listed which are not required to be discharged by the Seller prior to or at the time of the delivery of the Seller's deed to the Purchaser, and to any rights, titles, estates, leases, encumbrances and other interests suffered or created by the Purchaser, all for the considerations and subject to the terms, covenants and conditions herein contained.

2  PURCHASE PRICE. The Purchaser agrees to pay the Purchase Price to the order of the Seller in the manner set forth in the Specific Terms. The deferred portion of the Purchase Price which the Purchaser is to pay the Seller shall be paid in the Installment Amounts, commencing on the First Installment Date and continuing on the same day of each Installment Period thereafter until the Final Payment Date, at which time all outstanding principal, together with accrued and unpaid interest thereon, shall be due and payable. Each payment of the Installment Amounts shall be first applied against the costs, expenses and late charges for which the Purchaser is then liable hereunder, secondly against interest, and thirdly against the principal then due to the Seller. Interest shall continue to accrue until the Seller receives all of the principal, and any sums not paid within fifteen (15) days after their respective due dates shall bear the Late Charge set forth in the Specific Terms. At any time during the term of this contract, the Seller or the Purchaser shall have the right to require that all subsequent payments of Installment Amounts and sums for any tax or insurance reserve account be made through an escrow or collection account, the costs of which shall be borne by the requesting party unless otherwise agreed.

3  PRIOR ENCUMBRANCES. If this contract is being executed subject to any Prior Encumbrance, the Purchase Price is partially comprised of the principal due under the Prior Encumbrances as of the date hereof. The Seller hereby represents to the Purchaser that no Prior Encumbrance provides that it will become in default or accelerated or the interest rate thereon adjusted above the interest rate stated therefor in the Specific Terms hereof because of the execution, delivery and recordation of this contract. The Purchaser agrees with the Seller to comply with all of the terms of the Prior Encumbrances, including such obligations as may be in addition to those contained in or which may otherwise limit its rights under this contract, and the Purchaser hereby agrees to defend and indemnify the Seller from and against all losses, claims, demands and allegations arising as a result of the Purchaser's failure to comply with the Prior Encumbrances. In the event either of the parties hereto gives or receives a written notice to it from the holder of a Prior Encumbrance it will promptly transmit a copy of such notice to the other. The Specific Terms of this contract indicate the person responsible for tendering the amounts due to the holders of the Prior Encumbrances, and the two subparagraphs, "(a)" and "(b)," immediately following this paragraph apply to said payments to be made by the Purchaser or the Seller, respectively.

(a) Purchaser Pays Directly. If it is indicated in the Specific Terms of this contract that the Purchaser is to pay any Prior Encumbrances directly to the holder thereof, the Purchaser hereby assumes and covenants and agrees with the Seller to make such payments on their respective due dates and any failure of the Purchaser to do so shall constitute a default under this contract. Said payments shall be in addition to the Installment Amounts. The Purchaser shall be solely responsible for paying any reserve amounts for taxes, insurance premiums or other purposes to which the holder of any Prior Encumbrance is entitled.

(b) Seller Pays if Purchaser Is Not In Default. If it is indicated in the Specific Terms of this contract that the Seller is to continue to pay any Prior Encumbrances, the Installment Amounts include amounts to be used to make payments on said Prior Encumbrances (the "Wrapped Encumbrances") The Purchaser, in addition to the installments of principal and interest hereinabove provided for, and to the extent required from time to time by the holders of the Wrapped Encumbrances, shall pay to the Seller with and in addition to each of the Installment Amounts hereunder an amount sufficient to satisfy all tax, insurance and other reserve deposits to which such holders is entitled and which are payable prior to the next due date of said installments. So long as the Purchaser is no manner in default hereunder, the Seller shall make or cause to be made all of the payments of principal, interest and any reserve deposits required under the Wrapped Encumbrances as they become due and in accordance with their respective payment terms. The Purchaser shall not attempt to make any payment directly to the holder of any Wrapped Encumbrance or to in any way modify the terms thereof prior to the satisfaction of that portion of the indebtedness evidenced hereby which is to be retained by the Seller; provided, however, if the Seller fails to make any payment when due under any Wrapped Encumbrance the Purchaser may, upon first giving the Seller fifteen (15) days' written notice of its intent to do so and if such failure is not rectified within that period, pay the delinquent installment, and any penalties, late charges or additional interest due thereon and such other costs that are required by the holder of such Wrapped Encumbrance to cure such default, directly to the holder of the Wrapped Encumbrance in default and deduct from the Installment Amounts next due under this contract the amounts so expended, together with interest thereon at the Default Rate from the date of such payment to the date the Purchaser is reimbursed or the due date of the sum against which such offset is taken. Said notice period may be reduced if necessary to avoid the exercise of any remedy by the holder of such Wrapped Encumbrance. In the event the Seller fails to make such payments on three or more occasions, the Purchaser shall have the right to make all ensuing payments due under any of the Wrapped Encumbrances directly to the holder thereof and to deduct the same from the next Installment Amounts due under this contract by the amounts so paid. The Seller agrees to indemnify the Purchaser from and against all costs and expenses, including attorneys' fees, which are reasonably incurred by the Purchaser as a result of any failure of the Seller to perform its obligations under this subparagraph. The Seller shall promptly reimburse the Purchaser for any credit or reimbursement which the Seller receives from the holder of any Wrapped Encumbrance which results from any excess payment by the Purchaser into a tax, insurance or other reserve account.

After the Purchaser has paid the Seller all amounts due under this contract, excepting only the nondelinquent principal balances due under the Prior Encumbrances to be paid directly by the Purchaser, the Purchaser shall make all remaining payments due under said Prior Encumbrances to the holders thereof and shall indemnify and hold the Seller harmless from any failure or alleged failure on the part of the Purchaser to comply with any of the terms, covenants or conditions thereof, and the Seller shall be subrogated to the rights of the holders of said Prior Encumbrances to the extent the Seller makes any further payments thereon as a result of the Purchaser's default. The covenants in this paragraph shall survive the delivery of the Seller's deed and bill of sale to the Purchaser.

525228

4. **PREPAYMENTS.** If prepayment is permitted by all Prior Encumbrances, or if the holders of all of the Prior Encumbrances consent thereto, the Purchaser may prepay the entire amount remaining due hereunder when that portion of the prepayment which is due to the Seller is accompanied by all interest then due to the Seller and any Purchase Price Prepayment Premium. If any prepayment to the holder of any Prior Encumbrance also requires a prepayment premium, the Purchaser shall pay the same if it is imposed as a result of the Purchaser's prepayments or default. If any Prior Encumbrance does not permit prepayment and the holder thereof does not consent thereto, and if the Purchaser desires to prepay that portion of the Purchase Price which is not encompassed by the principal balance then due under said Prior Encumbrance, the Purchaser may prepay to the Seller the balance of that portion of the Purchase Price which is not then due to the holder of said Prior Encumbrance; provided, however, said partial prepayment need not be accepted by the Seller unless the Purchaser expressly assumes and agrees in writing to pay and perform the then remaining obligations secured by said Prior Encumbrance. If this contract is so partially prepaid, the Purchase Price Prepayment Premium, if otherwise calculated on the entire purchase price, shall be reduced to correspond to the ratio of the amount being prepaid to the Seller to the total amount of the then outstanding principal balance of the Purchase Price. The Seller shall not be required to accept any prepayments which do not conform to the requirements of this paragraph unless and to the extent prepayment is otherwise provided for in the Specific Terms of this contract. Except when otherwise stated herein, any Prepayment Premium provided for in this contract shall apply to any sums received by the Seller in advance of their original due date, whether voluntarily made by the Purchaser or as a result of the exercise of any remedy by the Seller; provided, however, the Prepayment Premium shall not be required for any voluntary prepayment made within thirty (30) days of the Final Payment Date if preceded by not less than ten (10) days written notice.

5. **RETENTION OF TITLE AND SECURITY.** Except as otherwise provided herein, the Seller's title to the Property and any substitutions thereof shall remain in the Seller until the Purchaser receives delivery of the Seller's deed. In addition thereto, the Purchaser hereby grants to the Seller a security interest in all condemnation awards and insurance proceeds relating to the Property and all of the rights, titles and interests in the Personal Property conveyed by this contract and subsequently acquired by Purchaser in substitution thereof as security for the performance of the Purchaser's obligations herein, and the Purchaser hereby assigns to the Seller all rents and security deposits derived from or relating to the Property and, except for the initial partial month's and last month's rent, covenants not to collect any rents which are attributable to more than one month of the unexpired lease term. The Purchaser agrees to deliver to the Seller such further assurances and UCC financing statements and statements of continuation which the Seller requests to further evidence, perfect or confirm its rights under this contract. The Purchaser agrees with the Seller that it shall comply with the terms of all leases of the Property, and shall, upon written request, promptly notify the Seller of any alleged defaults thereon by the Purchaser or any tenant. After all sums evidenced by this contract due to the Seller have been paid, the Seller shall deliver its fulfillment deed and bill of sale to the Purchaser in the form and subject to the exceptions herein agreed to. In the event any escrow account is established for this contract, said deed and bill of sale shall be executed and placed with the escrow agent promptly following the opening of said account with instructions to deliver them to the Purchaser when entitled thereto.

6. **POSSESSION.** From and after the date of this contract, and subject to the rights of tenants under the leases identified as Title Exceptions, the Purchaser may enter upon and take possession of the Property and, irrespective of the assignments and security interests granted in this contract, enjoy the use, rents (to the extent permitted to be collected herein), issues and profits thereof so long as such rights have not been affected by the exercise of any remedy of the Seller.

7. **TAXES AND ASSESSMENTS.** In addition to the payments hereinabove provided for, and except as otherwise discharged through any reserve account, the Purchaser shall pay before delinquency all real and personal property taxes, all general and special assessments and all other charges of whatsoever kind or nature levied or assessed by any lawful authority upon or against the Property or the use thereof to the extent the same or any installments thereof are attributable to the period following the date of this contract. The prorated portion of said taxes, assessments and charges which are attributable to any period prior to the date of this contract, excluding taxes for such period assessed because of the reclassification of the use of the Property by the Purchaser or any successor of the Purchaser, shall be paid before delinquency by the Seller. Said periods shall be determined by reference to the year in which the taxes, assessments and charges are required to be paid. If the Purchaser fails to so pay real property taxes or assessments and such failure is not rectified within fifteen (15) days following Seller's written demand to do so, and if such failure occurs two (2) or more times during the term of this contract, the Seller may, for the remaining term of this contract, require the Purchaser to deposit with each Installment Amount an amount reasonably estimated by the Seller to be necessary to discharge the real property taxes and assessments next due, said estimates to be adjusted by the Seller to reflect the actual amount of such liabilities each time the Real Property is reassessed and a copy of such reassessment is given to the Seller. The amounts so paid which have not been applied against such liabilities shall be returned to the Purchaser with the delivery of the Seller's deed to the Purchaser. The Seller shall not be liable for interest on said deposits. If not retained in an escrow or collection account said funds shall be maintained by the Seller in a segregated account and expended for no other purpose, with interest earned thereon, if any, being added to the sums so held; provided, however, this account may be commingled with any insurance reserve account under this contract. The provisions of this paragraph to the contrary notwithstanding, either party shall have the right to contest in good faith any tax or assessment which may have been or is hereafter levied against the Property or any portion thereof so long as no portion of the Property is threatened with any tax forfeiture or sale as the result of such contest. So long as such contest is pursued in good faith, the nonpayment of the amounts in dispute shall not constitute a default under this contract or afford the Seller the right to require tax reserve payments.

8. **INDEMNIFICATION AND INSURANCE.** The Purchaser shall and hereby covenants and agrees to indemnify and hold the Seller harmless from any losses, damages, costs, claims and liabilities, including attorneys' fees, caused by any negligent, reckless or intentional act of or negligent or reckless failure to act by the Purchaser or any of its agents, servants, employees, independent contractors, invitees or licensees on, about or with respect to the Property, and for any breach of this contract by the Purchaser or any of such persons, and this covenant of indemnification shall survive the delivery of the Seller's deed to the Purchaser.




525228

VOL0378 PG0683

The Purchaser, at its own cost and expense, shall keep all improvements on the Property insured against loss or damage by fire, windstorm, and all other casualties covered by "all risk" endorsements available in the State of Washington and with such additional coverages or endorsements as the Seller may reasonably require from time to time. Said insurance shall be in an amount not less than the greater of (a) the amount of coverage necessary to avoid the insured being treated as a co-insurer, or (b) one hundred twenty percent (120%) of the then unpaid principal balance of the Purchase Price for the Property, or (c) such higher amount as may be required by the terms of any Prior Encumbrance, and shall be placed with an insurance company authorized to do business in the State of Washington. All insurance policies shall expressly include the Seller as a named insured, shall contain a waiver of subrogation clause (to the extent reasonably obtainable), and shall include provisions to the effect that they cannot be materially modified or cancelled prior to Seller receiving not less than twenty (20) days' advance written notice, and accurate and complete copies thereof shall be deposited with the Seller upon written request.

In the event of loss or damage to the Property which is required to be insured hereunder, and except as otherwise required by any Prior Encumbrance and the then holder thereof, the insurance proceeds shall, at the option of the Purchaser, be used to repair, rebuild, or replace all improvements and personal property which may have been destroyed or damaged to the extent necessary to restore and replace them to substantially the same condition which existed immediately prior to the casualty, subject to such modifications as may then be required by law or to which the Seller agrees in writing. Immediately upon receipt, all insurance proceeds, together with any other sums required to complete the repairs and restorations, shall be placed in a construction disbursement account with an escrow agent or other person jointly designated by the Seller and the Purchaser and shall be disbursed periodically in amounts corresponding to the percentage of completion of repairs; provided, however, in the event this contract is forfeited, any portion of such proceeds remaining after the payment of properly incurred repair and replacement costs due as of the date of such forfeiture shall be immediately paid to the Seller. No construction may be commenced until all sums required to pay the cost thereof have been deposited in the disbursement account. The expenses of said disbursement account and in obtaining percentage completion certificates shall be paid by the Purchaser, and the Purchaser shall be responsible for depositing in the disbursement account the amounts necessary to pay all costs of repairs, reconstruction and replacements which are not covered by the insurance proceeds. In the event the Purchaser desires to construct improvements which are materially different from those so damaged or destroyed, it shall first obtain the Seller's written consent. All repairs and replacements shall be commenced within sixty (60) days following the date the Purchaser elects to reconstruct and shall be continuously pursued with due diligence. Subject to the terms of any Prior Encumbrance, any casualty insurance proceeds which are not used to pay for repairs or replacements permitted by the terms of this paragraph shall be paid to the Seller and applied against the principal balance last due hereunder, and the Seller shall accept the same notwithstanding any prepayment restriction in this contract. The Prepayment Premium shall not be added to any payments required by this paragraph.

If (i) a Prior Encumbrance and the then holder thereof does not permit the use of casualty insurance proceeds for repairs, or (ii) the Purchaser does not elect to repair the damage, or (iii) the Seller's consent to materially different improvements is not waived or given, or (iv) the Purchaser does not deposit into the disbursement account all sums in excess of available insurance proceeds required for reconstruction by the date construction is required to commence, or (v) construction is not commenced when required or not continuously pursued (subject to delays beyond the reasonable control of the Purchaser), the Seller may require that all casualty insurance proceeds be immediately paid to the Seller (without addition of the Prepayment Premium or to the holder of a Prior Encumbrance having a valid claim thereto which is prior to the Seller's. The Purchaser shall make the elections provided for in this paragraph within sixty (60) days following the date of casualty, and the Seller shall respond in writing to a written request to construct materially different improvements within twenty (20) days after said request. Any failure of the Purchaser to timely make any such election shall enable the Seller to apply the insurance proceeds against the principal last due under this contract, and any failure of the Seller to timely respond to any such request shall be deemed an approval thereof.

Damage to or destruction of the Property or any portion thereof shall not constitute a failure of consideration or provide a basis for the rescission of this contract, nor shall such circumstances relieve the Purchaser of its obligation to pay the remaining Installment Amounts when due. In the event of any failure of the Purchaser to obtain or timely pay any premiums of any insurance required by this paragraph, and if such failure is not rectified within any required notice period for remedial advances under this contract, the Seller may require the Purchaser to deposit with each Installment Amount an amount reasonably estimated by the Seller to be necessary to discharge the next ensuing premiums for said policies, said estimates to be adjusted by the Seller upon receipt of the premium invoices to reflect the actual amount of such liabilities. The payments so made which have not been applied against such liabilities shall be returned to the Purchaser with the delivery of the Seller's deed to the Purchaser. The Seller shall not be liable for interest on said deposits. If not retained in an escrow or collection account, said funds shall be maintained by the Seller in a segregated account and expended for no other purpose, with interest thereon, if any, being added to the sums so held; provided, however, this account may be commingled with any tax reserve account under this contract.

9. **UTILITIES.** The Purchaser shall pay for the cost of all electric, power, gas, sewer, water, telephone, cable television, refuse disposal service, and any and all other utilities furnished to or used or consumed in, on, or about the Property by the Purchaser or by any person following the date of this contract, and Purchaser shall contract for the same solely in its own name. Any such services used prior to the date hereof by any person other than the Purchaser shall be the responsibility of the Seller.

10. **CONDITION OF PROPERTY.** Except as may be otherwise provided in any written agreement between the parties hereto which is intended to survive the execution of this contract, the Purchaser hereby accepts the Property in the condition existing on the date of this contract and confirms that neither the Seller nor any agent or representative of the Seller has given or made any warranty or representation whatsoever concerning the physical condition thereof or the uses or purposes to which the same may now or hereafter be placed.

525228



11. **RISK OF LOSS.** The Purchaser shall bear the risk of loss for the complete or partial destruction or condemnation of the Property after the date of this contract. No loss, damage or destruction of all or part of the Property shall constitute a failure of consideration or a basis for the rescission of this contract or relieve the Purchaser from its obligation to observe and perform all of the terms, covenants and conditions hereof. Each of the parties hereto releases the other from all liability for damage caused by any act or neglect of the other party, its agents, servants and employees, to any property which is the result of fire or other casualty covered by insurance carried at the time of such casualty, provid-d, however, the releases herein contained shall not apply to loss or damage resulting from the willful or premedita-ed acts of either of the parties hereto, their agents, servants or employees; and provided further, nothing in this paragraph shall be interpreted or have the effect of relieving or modifying any obligation of any insurance company, and to the extent any such obligation is so relieved or impaired this provision shall be ineffective.

12. **MAINTENANCE AND INSPECTION.** The Purchaser shall keep and maintain the Property in good repair, and shall not commit or suffer to be committed any waste or other willful damage to or destruction of the Property or any portion thereof. No logging or commercial timber removal may be undertaken by the Purchaser without the Seller's prior written consent. The Purchaser shall not, without the prior written consent of the Seller, remove any Personal Property from the Real Property, and will keep and maintain the same in good order, repair and condition; provided, however, the Purchaser shall have the right to promptly replace Personal Property with items of comparable worth and utility. The Purchaser shall replace any items of Personal Property or any substitution thereof which may become lost, broken or beyond repair, and such after-acquired item shall be subject to all of the provisions hereof. No replacements or substitutions permitted or required in this paragraph may be subject to a security interest or conditional sales contract which would have priority over the Seller's security interest. The Seller shall have the right, at all reasonable times and hours, to inspect the Property to ascertain whether the Purchaser is complying with all of the terms, covenants and conditions of this contract.



13. **ALTERATIONS AND LIENS.** Except as otherwise permitted in this contract for construction following an insured casualty or condemnation, or except for any maintenance or repairs required by this contract, the Purchaser shall not, without the prior written consent of the Seller, make or permit any alterations, additions, or improvements to or of the Property or to any portion thereof nor permit any demolition or removal of any such improvements. The Seller may not unreasonably withhold its consent if the action proposed will not materially affect the value of the Property or violate any applicable laws or ordinances or the terms of this contract or of any Prior Encumbrances. The Purchaser shall not cause, authorize or permit any mechanics' or materialmen's liens to be placed upon the Property. The Purchaser shall indemnify and defend the Seller against all liens levied against the Property or any part thereof caused by or through the Purchaser. The Purchaser shall have the right to contest said liens so long as a foreclosure thereof is prevented, and if such contest is pursued in good faith the filing of the lien and withholding payment of the lien amount so disputed shall not constitute a default under this contract. No lien of any agent, contractor, subcontractor or independent contractor of the Purchaser shall encumber any interest of the Seller in the Property. In the event the Purchaser shall alter, repair or improve the Real Property or erect or construct any new or additional buildings or improvements on the Real Property or any part thereof (whether acting with or without Seller's consent), all such alterations, repairs, improvements, replacements and additions, including any new buildings and improvements, shall immediately be and become the property of the Seller and subject to all of the terms, covenants and conditions of this contract.

14. **COMPLIANCE WITH LAWS AND RESTRICTIONS.** The Purchaser shall faithfully observe, perform and comply with all laws, ordinances rules and regulations of every governmental authority affecting the Property; all easements, reservations, restrictions, covenants and conditions of record affecting or pertaining to the Property; and any condominium, planned unit development, or cooperative declarations, articles, bylaws, rules, regulations and other documents which have been or are hereafter adopted with respect to the Property. The Purchaser shall not use or permit any person to use the Property for or in connection with any unlawful purpose or in any manner which causes a nuisance.

15. **AGRICULTURAL PROVISIONS.** If, in the Specific Terms of this contract, the parties have indicated that the Property is to be used principally for agricultural or farming purposes, the Purchaser shall continuously pursue good and prudent farming operations upon the Property in accordance with the practices of good husbandry, soil conservation, tree and plant pruning, harvesting, and the customary manner in which agricultural property is properly and productively farmed and managed in the county in which the Property is situated. The Purchaser will take such precautions as are necessary to prevent undue depletion of the soil from erosion by wind or water and shall use reasonable efforts to keep the Property free from plants, insects and animals which may have a deleterious effect upon the Property, crops, or livestock. The Purchaser will keep the Property properly irrigated and properly employ such herbicides, pesticides and fertilizers as may be reasonably necessary to comply with the provision of this paragraph and all applicable legal requirements. The Purchaser shall not remove or destroy any existing fruit trees or plants, improvements, irrigation fixtures or equipment, fences, storage houses or sheds, barns, silos, or, except as otherwise permitted in this contract for Personal Property, any tools, equipment or machinery which may be employed in connection with the agricultural use of the Property, without the prior written consent of the Seller, and the Purchaser shall make such improvements to the Property as are reasonably necessary to properly irrigate, drain and farm the Property in accordance with the provisions hereof.

16. **CONDEMNATION.** If the Property or any part thereof is condemned or taken by power of eminent domain by any public or quasi-public authority, the Seller or the Purchaser or both may appear and defend or prosecute in any such proceeding. All compensation or awards received from the condemning authority by either the Seller or the Purchaser shall, subject to the requirements of any Prior Encumbrances, be applied first to the payment of the expenses of litigation, next to the acquisition and installation costs of any replacements or restorations of condemned property requested by the Purchaser in writing not later than fifteen (15) days following the date possession is required to be surrendered by the condemning authority, next to the reduction of the unpaid balance of this contract in the inverse order of its maturity, next to any other sums then due to the Seller (including accrued and unpaid interest and reimbursable advances and expenses), and the surplus, if any, shall be paid to the Purchaser. The Prepayment Premium shall not be added to any payments required by this paragraph. All of the replacements and restorations shall have the same purpose and function as the condemned property, and, except as otherwise consented to by the Seller in writing and except to the extent necessitated by the condemnation or then applicable law, none of the replacements or restorations may be materially different from the condemned property. Any condemnation awards


21-80057-WLH   Doc __   Filed 12/27/21   Entered 12/27/21 12:45:47   Pg 20 of 83

'used to restore or replace any of the Property shall be deposited in a disbursement account and disbursed in the manner specified herein for insurance proceeds following an insured casualty. No total or partial taking of the Property by condemnation shall constitute a failure of consideration or provide a basis for the rescission of this contract

17 TRANSFER OF PURCHASER'S INTEREST. If the Purchaser's title to the Property or any portion thereof is conveyed to any person, the Seller may, at its option. (a) following any required notice, declare the entire remaining balance of the Purchase Price and all accrued and unpaid interest thereon immediately due and payable, or (b) adjust the interest rate on this contract, effective as of the date of the transfer. The Seller may elect one of the said options by written notice to the Purchaser within fifteen (15) days after being advised in writing of the sale and the transferee, and if such election is not made within that period the above rights for the transaction so described shall be deemed waived. If the Seller elects to adjust the interest rate, and subject to any restrictions and prepayment requirements contained in any Prior Encumbrance, the entire outstanding balance of this contract may be prepaid at the closing of such conveyance with the Prepayment Premium. For the purposes of this contract, a "conveyance" of the "Purchaser's title" shall include a transfer by real estate contract, vendee's assignment, deed, forfeiture, foreclosure, sheriff's sale, trustee's sale, deed in lieu of any such involuntary sale, lease with purchase option or for a term in excess of three (3) years (including extension options), and, if the Purchaser is a corporation or partnership, a voluntary or involuntary transfer or series of transfers of any shares or partnership interests which results in a change of fifty percent (50%) or more of the voting control of such entity (from the composition thereof as of the date of this contract). A "conveyance" of the "Purchaser's title" shall not include (i) a lease or other transfer of possession of the Property for three (3) years or less without options to purchase the Property or any interest therein; (ii) a transfer to the Purchaser's spouse or children, (iii) a transfer by devise, descent, or operation of law resulting from the death of any person comprising the Purchaser; (iv) a transfer into an inter vivos trust in which the Purchaser is and remains a beneficiary and which does not relate to a transfer of rights of occupancy in the Property; or (v) a transfer resulting from a decree of dissolution of marriage, legal separation agreement, or property settlement agreement in which a spouse of any person comprising the Purchaser retains or acquires the Property. No transfer of the Property or any portion thereof shall release the transferring person from liability on this contract unless such release is expressly acknowledged by the Seller in writing



18 PURCHASER'S DEFAULT. The Purchaser shall be in default under this contract if it (a) fails to observe or perform any term, covenant or condition herein set forth or imposed by any Prior Encumbrances, or (b) fails or neglects to make any payment of principal or interest or any other amount required to be discharged by the Purchaser precisely when obligated to do so, or (c) becomes or is declared insolvent or makes an assignment for the benefit of creditors, or files any debtor's petition or any petition is filed against it under any bankruptcy, wage earner's, reorganization or similar act, or (d) permits the Property or any part thereof or its interest therein to be attached or in any manner restrained or impounded by process of any court, or (e) abandons the Property for more than thirty (30) consecutive days (unless the Property is otherwise occupied), or (f) conveys the Property or a portion thereof without any prior written consent required herein of the Seller.

19 SELLER'S REMEDIES. In the event the Purchaser defaults under this contract the Seller may, at its election, take the following courses of action:

(a) Suit for Delinquencies. The Seller may institute suit for any Installment Amounts or other sums due and payable under this contract as of the date of the judgment and any sums which have been advanced by Seller as of said date pursuant to the provisions of this contract, together with interest on all of said amounts at the Default Rate from the date each such amount was advanced or due, as the case may be, to and including the date of collection;

(b) Acceleration. Upon giving the Purchaser not less than fifteen (15) days' written notice of its intent to do so (within which time any monetary default may be cured without regard to the acceleration), and if the default is in the nature of a failure to timely pay any principal, interest, insurance premium, tax, or other sum of money required to be paid herein or any failure to obtain any consent of the Seller herein required for a conveyance of the Purchaser's title to the Property, or if the Purchaser commits waste on the Property, the Seller may declare the entire unpaid balance of the Purchase Price and all interest then due thereon and the Prepayment Premium to be immediately due and payable and institute suit to collect such amounts, together with any sums advanced by the Seller pursuant to the provisions of this contract, and together with interest on all of said sums at the Default Rate from the due date or date of each such advance to and including the date of collection;

(c) Forfeiture and Repossession. The Seller may cancel and render void all rights, titles and interests of the Purchaser and its successors in this contract and in the Property (including all of Purchaser's then existing rights, interests and estates therein and timber, crops and improvements thereon) by giving a Notice of Intent to Forfeit pursuant to RCW 61.30.040-070, and said cancellation and forfeiture shall become effective if the default therein specified has not been fully cured within ninety (90) days thereafter and the Seller records a Declaration of Forfeiture pursuant to RCW 61.30.040-070. Upon the forfeiture of this contract the Seller may retain all payments made hereunder by the Purchaser and may take possession of the Property ten (10) days following the date this contract is forfeited and summarily eject the Purchaser and any person or persons having possession of the Property by, through or under the Purchaser who were properly given the Notice of Intent to Forfeit and the Declaration of Forfeiture. If the Purchaser or any person or persons claiming by, through or under the Purchaser who were properly given the Notice of Intent to Forfeit and the Declaration of Forfeiture remain in possession of the Property more than ten (10) days after such forfeiture, the Purchaser, or such person or persons, shall be deemed tenants at will of the Seller and the Seller shall be entitled to institute an action for summary possession of the Property, and may recover from the Purchaser or such person or persons in any such proceedings the fair rental value of the Property for the use thereof from and after the date of forfeiture, plus costs, including the Seller's reasonable attorneys' fees;

(d) Specific Performance. The Seller may institute suit to specifically enforce any of the Purchaser's covenants hereunder, and the same may include redress by mandatory or prohibitive injunction;

LFB - 45

525228





525228

(e) **Entry Upon Agricultural Property.** In the event the parties hereto have indicated in the Specific Terms of this contract that the Property is to be used principally for agricultural or farming purposes, the Seller shall have the right, following three (3) days' prior written notice to the Purchaser, to enter upon the Real Property from time to time to perform any one or more of the functions required of but not performed by the Purchaser in the agricultural provisions of this contract and to tend and care for any livestock and harvest, transport, store and sell any of the crops which may be grown on the Property in such manner as the Seller shall elect, and for the purposes of this paragraph, the Purchaser grants to the Seller a security interest in all of its seeds and crops, and the products and proceeds thereof, which may now or at any time hereafter be located upon or in the Property or be harvested therefrom. The exercise of this right shall not affect the liabilities of the Purchaser, provided, however, should the Seller receive any sums as a result of its actions hereunder it shall apply the same to discharge the costs and expenses, including attorneys' fees, reasonably incurred in taking said action, together with interest thereon at the Default Rate from the date of expenditure to and including the date said proceeds are received, and the balance of such proceeds shall be applied against the Purchase Price principal last due and owing hereunder, including any Prepayment Premium applicable thereto. In the absence of receiving any such proceeds, or if and to the extent the same are insufficient to reimburse the Seller for such amounts and interest, the Purchaser shall reimburse the Seller for such amounts and interest on demand, with said interest being calculated to and including the date of payment;

(f) **Remedies under the Uniform Commercial Code.** The Seller shall have and the Purchaser hereby grants to the Seller all of the rights and remedies contained in the Uniform Commercial Code in effect in the State of Washington as of the date of the Purchaser's default and to the extent such remedies may be applicable to the type of collateral affected thereby;

(g) **Receivership.** The parties hereto recognize and agree that in the event of default by the Purchaser in making any payments or in the performance of any of the other terms and conditions of this contract, the period of time involved in repossessing the Property, forfeiting this contract, or in obtaining possession of the Property by judicial process could cause irreparable damage to the Seller and to the Property or the possible acceleration of the debt secured by the Prior Encumbrances. Therefore, the Purchaser hereby expressly agrees that in the event of any default under this contract which is not cured the Seller shall have the right to apply to the Superior Court of the county in which the Real Property is situated for the appointment of a receiver under Chapter 7.60 of the Revised Code of Washington (or any chapter supplemental thereto) to take charge of and maintain control of, manage, farm, or operate the Property, to evict tenants therefrom who are not then in compliance with their leases, to lease any portion or all of the Property in the name of the Purchaser on such terms as the receiver may deem advisable, and to make such alterations, repairs and improvements to the Property as the receiver may deem advisable, and to receive all rents and income therefrom and issue receipts therefor, and out of the amounts that are so received to pay all of the debts and obligations for which the Purchaser is liable hereunder prior to or during the period of the receivership, including, without limitation, payments on or for this contract, Prior Encumbrances, taxes, assessments, insurance premiums, utility bills and cost of operating, maintaining, repairing and managing the Property. Any sums received by the receiver in excess of said amounts shall be retained by the receiver to discharge all remaining liabilities of the Purchaser under this contract until the entirety of such obligations have been satisfied, at which point any remaining excess shall be paid to the Purchaser without interest; and

(h) **Property Rental.** If this contract is forfeited as herein provided, or in any other manner permitted by law, or by mutual agreement of the Purchaser and the Seller, and the Purchaser shall thereafter remain in possession of the Property beyond any period otherwise permitted by law, the Purchaser agrees that it will occupy the Property as a tenant at will, and the Purchaser shall be obligated to pay, and hereby promises to pay, during the period of such tenancy at will, a fair market rental in the amount then agreed to by the parties or, in the absence of such agreement or until such agreement is reached, an amount equal to two (2) times the Installment Amount as and when provided for in the Specific Terms hereof, and the Seller shall have, in addition to all other remedies for the collection of rentals and the recovery of possession that are available to landlords under the laws of the State of Washington, the right to institute and maintain an action for summary possession of the Property as provided by law.

**20. PURCHASER'S REMEDIES.** In the event the Seller defaults under this contract and such default continues for fifteen (15) days after the Purchaser gives the Seller written notice specifying the nature thereof and the acts required to cure the same, the Purchaser shall have the right to specifically enforce this contract, institute suit for its damages caused by such default or pursue any other remedy which may be available to the Purchaser at law or in equity.

**21. REMEDIAL ADVANCES.** If either party to this contract shall fail to timely pay and discharge any payments or sums for which it has agreed to be responsible herein and said failure constitutes a default under this contract, or shall by any other act or neglect violate the terms and any conditions of this contract or of any Prior Encumbrance, the other party hereto may pay, effect or discharge such sums as are necessary to cure such default upon giving the party required to make such payments not less than fifteen (15) days' prior written notice (except in any instance in which the Purchaser fails to obtain or maintain any insurance required herein or when immediate payment is required to avoid immediate hazards to persons or property or any foreclosure of or a similar action against or affecting any portion of the Property, in which cases such notice may be given concurrently with or immediately following such payment). The party making such payment may recover from the defaulting party, upon demand, or through offsetting the same against existing or future debts, the full cost and expense of so doing, including its reasonable attorney's fees and together with interest on said expenditures and fees at the Default Rate from the date of expenditure to and including the date of collection or the due date of any sum against which such offset is effected.

525228

525228

**22. CUMULATIVE REMEDIES; WAIVERS.** The remedies stated herein are cumulative and not mutually exclusive and the Seller or the Purchaser may pursue any other or further remedies to enforce their respective rights under this contract; provided, however, except as provided in this contract with respect to the Purchaser's transfer of the Property, the Seller shall not have the right to accelerate the remaining balance of the Purchase Price in the event the Seller elects to forfeit the Purchaser's interest in the Property and such forfeiture is being enforced or is completed. In any action or proceeding to recover any sum or to enforce any remedy provided for herein, no defense of adequacy of security or that resort must first be taken against any particular security or any other person shall be asserted, and the Purchaser hereby expressly waives any legal or equitable rights that the Purchaser may have with respect to marshaling of assets. The Seller shall not be required to tender its deed or bill of sale as a condition precedent to the enforcement of any remedy hereunder. In the event any check is tendered which is not honored upon first presentation because of any stop payment directive or insufficient funds, the payee's rights shall be reinstated as if such check had not been delivered. No waiver of any rights of either party under this contract shall be effective unless specifically evidenced in a written agreement executed by the waiving party. Any forbearance, including, without limitation, a party's acceptance of any payment after the due date or any extension hereof, shall not be considered a waiver of such party's right to pursue any remedy hereunder for any other existing or subsequent defaults of the same or a different nature or for breach of any other term, covenant or condition hereof.

**23. COSTS AND ATTORNEYS' FEES.** If either party shall be in default under this contract, the nondefaulting party shall have the right, at the defaulting party's expense, to retain an attorney or collection agency to make any demand, enforce any remedy, or otherwise protect or enforce its rights under this contract. The defaulting party hereby promises to pay all costs and expenses so incurred by the nondefaulting party, including without limitation, arbitration and court costs, collection agency charges, notice expenses, title search expenses, and reasonable attorneys' fees (with or without arbitration or litigation), and the failure of the defaulting party to promptly pay the same shall in itself constitute a further and additional default. In the event either party hereto institutes any action (including arbitration) to enforce the provisions of this contract, the prevailing party in such action shall be entitled to reimbursement by the losing party for its court costs and reasonable attorneys' fees, including such costs and fees that are incurred on appeal. All reimbursements required by this paragraph shall be due and payable on demand, may be offset against any sum owed to the party so liable in order of maturity and shall bear interest at the Default Rate from the date of demand to and including the date of collection or the due date of any sum against which the same is offset.

**24. NOTICES.** Subject to the requirements of any applicable statute, any notices required or permitted by law or under this contract shall be in writing and shall be personally delivered or sent by first class certified or registered mail, return receipt requested, with postage prepaid, to the parties' addresses set forth in the Specific Terms of this contract. Either party may change such address for notice and, if payments are not made to an escrow or collection account, the Seller may change the address for payments, by designating the same to the other party hereto in the manner hereinabove set forth and by causing a copy of such change to be properly recorded. All notices which are so addressed and paid for shall be deemed effective when personally delivered or, if mailed, on the date of the deposit thereof in the U.S. mail and irrespective of actual receipt of such notice by the addressee.

**25. TIME OF PERFORMANCE.** Time is specifically declared to be of the essence of this contract and of all acts required to be done and performed by the parties hereto, including, but not limited to, the proper tender of each of the sums required by the terms hereof to be paid.

**26. PARAGRAPH HEADINGS.** The boldface word or words appearing at the commencement of paragraphs and subparagraphs of this contract are included only as a guide to the contents thereof and are not to be considered as controlling, enlarging or restricting the language or meaning of those paragraphs or subparagraphs.

**27. GENDER AND NUMBER.** The use of any gender or neutral term shall include all genders, and the use of any number shall be construed as singular or plural, as the case may require. The terms "Purchaser" and "Seller" refer to either the singular or the plural, as the case may be.

**28. DEFINITIONS.** As used herein the term "Property" means all of the estate, right, title and interest currently held and hereafter acquired by the Seller in and to the Real Property and Personal Property described herein and the rights, easements, privileges and appurtenances thereunto belonging or appertaining or held and enjoyed therewith, together with all timber and crops thereon and any repairs, improvements, replacements and additions thereto whether made, erected or constructed by the Seller or the Purchaser prior to or subsequent to the date hereof. All capitalized terms in this contract shall have the meanings ascribed herein or set forth opposite the same in the Specific Terms of this contract. References to the Seller's deed or fulfillment deed herein shall include assignments of a vendee's interest under a prior real estate contract; provided, however, any form of conveyance shall contain the warranties to which the Purchaser is entitled under this contract or other agreement with the Seller.

**29. INVALIDITY.** In the event any portion of this contract should be held to be invalid by any court of competent jurisdiction. Such holding shall not affect the remaining provisions hereof unless the court's ruling includes a determination that the principal purpose and intent of this contract are thereby defeated. The intention of the Seller is to charge the Purchaser a lawful rate of interest, and in the event it is determined by any court of competent jurisdiction that any rate herein provided for exceeds the maximum permitted by law (or a transaction of the character evidenced by these presents, the amounts so determined to be above the legal rate shall be applied against the last installments of principal due hereunder or, if such principal has been paid, or otherwise at the discretion of the then holder of this contr ct, said excess shall be refunded to the Purchaser on demand without interest and the interest rates specified hereunder shall be reduced to the maximum rate then permitted by law for the type of transaction to which this contract pertains. The intention of the parties hereto is to assess a legal rate of interest on default, and if the Default Rate is determined by any court of competent jurisdiction to exceed the maximum rate of interest permitted by law for such purposes, the Default Rate shall be reduced to the highest rate so permitted, with any excess theretofore paid being applied against any debt of the defaulting party in inverse order of maturity, or if in excess of such debt, being refunded upon demand without interest.

UNOFFICIAL COPY

525229

30. **LEGAL RELATIONSHIPS.** The parties to this contract execute the same solely as a seller and a buyer. No partnership, joint venture or joint undertaking shall be construed from these presents, and except as herein specifically provided, neither party shall have the right to make any representation for, act on behalf of, or be liable for the debts of the other. All terms, covenants and conditions to be observed and performed by either of the parties hereto shall be joint and several if entered into by more than one person on behalf of such party, and a default by any one or more of such persons shall be deemed a default on the part of the party with whom said person or persons are identified. No third party is intended to be benefitted by this contract. Any married person executing this contract hereby pledges his or her separate property and such person's and his or her spouse's marital communities in satisfaction hereof.

31. **SUCCESSORS.** Subject to the restrictions contained herein, the rights and obligations of the Seller and the Purchaser shall inure to the benefit of and be binding upon their respective estates, heirs, executors, administrators, successors, successors in trust and assigns; provided, however, no person to whom this contract is pledged or assigned for security purposes by either party hereto shall, in the absence of an express, written assumption by such party, be liable for the performance of any covenant herein. Any assignee of any interest in this contract, or any holder of any interest in the Property, shall have the right to cure any default in the manner permitted and between the time periods required of the defaulting party, but except as otherwise required by law, no notices in addition to those provided for in this contract need be given.

32. **APPLICABLE LAW.** This contract shall be governed and interpreted in accordance with the laws of the State of Washington and the venue of any action brought to interpret or enforce any provision of this contract shall be laid in the county in which the Real Property is situated. All sums herein referred to shall be calculated by and payble in the lawful currency of the United States.

33. **ENTIRE AGREEMENT.** This contract contains the entire agreement of the parties hereto and, except for any agreements or warranties otherwise stated in writing to survive the execution and delivery of this contract, supersedes all of their previous understandings and agreements, written and oral, with respect to this transaction. Neither the Seller nor the Purchaser shall be liable to the other for any representations made by any person concerning the Property or regarding the terms of this contract, except to the extent that the same are expressed in this instrument. This contract may be amended only by written instrument executed by the Seller and the Purchaser subsequent to the date hereof.

UNOFFICIAL COPY

Page 11 of 11

LPB - 45

525229

525223     VOL0378 PG0689

STATE OF WASHINGTON )
COUNTY OF BENTON )

ON THIS DAY PERSONALLY APPEARED BEFORE ME    GALE EASTERDAY, KAREN EASTERDAY, CODY EASTERDAY AND DEBBY EASTERDAY
TO ME KNOWN TO BE THE INDIVIDUAL(S) DESCRIBED IN AND WHO EXECUTED THE WITHIN AND FOREGOING INSTRUMENT AND ACKNOWLEDGED TO ME THAT THEY SIGNED THE SAME AS THEIR FREE AND VOLUNTARY ACT AND DEED FOR THE PURPOSES THEREIN MENTIONED.

GIVEN UNDER MY HAND AND OFFICIAL SEAL THIS 31ST DAY OF OCTOBER, 1995

KATHERYN M. FARRELL
NOTARY PUBLIC IN AND FOR THE STATE OF
WASHINGTON, RESIDING AT RICHLAND     MY COMMISSION EXPIRES: 04-06-97

UNOFFICIAL COPY

525228

VOL0378 PG0690

525228

EXHIBIT "A"

CHARLIE COX WAREHOUSE
EQUIPMENT LIST
June 19, 1995

SOUTH END OF BUILDING - TO THE REAR:

2 - POTATO HOLDING TANKS - 25 TON CAPACITY EACH.
1 - CROSS BELT - CONNECTING TO TWO (2) TANKS.
1 - INCLINE BELT - CONNECTING TO PACKING AREA.

IN PACKING WAREHOUSE:

2 - POMONA BAGGERS
1 - BELT TO CARRY AWAY SACKS FROM BAGGER
2 - BELTS CIRCULAR - FROM BAGGERS TO WEIGH-O-MATIC BAGGER
1 - FLAT BELT - TO OUTSIDE TANKS
    16-HEAD-WEIGH-O-MATIC, BAGGER
    TURN TABLE - FOR SMALL BAGS
    TURN TABLE - FOR #2'S JIGGER
2 - BELTS - FROM FMC TO BAGGING TANKS
2 - DOUBLE WEIGH-O-MATICS (NORTHWEST, BAGGER)
1 - SINGLE WEIGH-O-MATIC (NORTHWEST, BAGGER)
1 - MAIN JIGGER FOR 100# AND 50# SACKS
2 - FMC SIZERS FOR CARTONS
    CARRY AWAY CONVEYORS FOR FMC
1 - CARLTON SCALE SET UP
1 - GLUE MACHINE - GLUES' BOTTOMS OF CARTONS
    CARTON SHAKER
1 - HOLDING POTATO TANK FOR FMC'S WITH TILT BELT
2 - SIZERS (ERNST)
    SORTING TABLE COMPLETE (ERNST)
    ELIMINATOR (ERNST)

OUTSIDE - SOUTHWEST CORNER OF BUILDING:
3 - 35 TON CAPACITY CULL TANKS WITH 2 LOADING BELTS
1 - RECEIVING HOLDING TANK

IN CELLAR - WEST SECTION OF MAIN WAREHOUSE:
1 - SORTING TABLE
1 - COMPLETE SORTING LAYOUT
2 - SEED CUTTERS
1 - POMONA BIN FILLER
1 - WEIGH-O-MATIC



525228

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>Exhibit 2</u>**

*Fixture Filing*

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

em27fx010y

525230
**UCC-2**
COUNTY AUDITOR
**Fixture Filing**

VOL0378 PG0698

46606KF/SW

UNOFFICIAL COPY

WHEN RECORDED RETURN TO

THIS SPACE PROVIDED FOR RECORDER S USE

RECORDED AT THE
REQUEST OF THE
CHICAGO TITLE INSURANCE

Nov 1  3 28 PH '95

525230
FRANKLIN CO. AUDITOR
DEPUTY
CHICAGO TITLE INSURANCE

Name  CHICAGO TITLE INSURANCE COMPANY
Address
City, State, Zip

46606-SW/KF

| 1 Debtor(s): (last name first and mailing address(es)) | 2 Secured Party(ies) and address(es) | 3 Assignee(s) of Secured Party(ies) and address(es) |
|---|---|---|
| EASTERDAY, GALE<br>EASTERDAY, KAREN<br>EASTERDAY, CODY<br>EASTERDAY, DEBBY<br>631 BELLFLOWER ROAD<br>MESA  WA  99343<br>D/B/A  EASTERDAY FARMS | CHARLIE COX & HELEN COX<br>P.O. BOX 849<br>PASCO    WA   99301 | |

CHICAGO TITLE INSURANCE CO

THIS FIXTURE FILING SHALL COVER COLLATERAL THAT IS AFFIXED TO THE FOLLOWING DESCRIBED PROPERTY

ALL OF BLOCKS 13 AND 14, NORTHERN PACIFIC FIRST ADDITION TO THE CITY OF PASCO,
ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME B OF PLATS, PAGE PAGE 60,
RECORDS OF FRANKLIN COUNTY, WASHINGTON

4 ☐ The debtor is the record owner.

5. This statement is signed by the Secured Party(ies) instead of the Debtor(s) to perfect a
security interest in collateral: (Please check appropriate box)

(a) ☐ already subject to security interest in another jurisdiction when it was brought into
this state, or when the debtor's location was changed to this state, or

(b) ☐ which is proceeds of the original collateral described above in which a security
interest was perfected, or

(c) ☐ as to which the recording has lapsed, or

(d) ☐ acquired after a change of name, identity, or corporate structure of the debtor(s).

6  Complete fully if box (d) is checked;
complete as applicable for (a), (b), and (c):

Original recording number _____

Office where recorded _____

Former name of debtor(s) _____

Dated  OCTOBER 31, _____ 19 95

GALE EASTERDAY, KAREN EASTERDAY
CODY EASTERDAY, DEBBY EASTERDAY

TYPE NAME(S) OF DEBTOR(S) (or assignor(s))

SIGNATURE(S) OF DEBTOR(S) (or assignor(s))

USE IF APPLICABLE:

TYPE NAME(S) OF SECURED PARTY(IES) (or assignee(s))

SIGNATURE(S) OF SECURED PARTY(IES) 525230

Washington Legal Blank, Inc., Issaquah, WA 98027  Form No. UCC-2  5/91

# **EXHIBIT 3**

*Survey*

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

em27fx010y



# RECORD SURVEY

BLOCKS 13 AND 14, NORTHERN PACIFIC FIRST ADDITION
TO THE CITY OF PASCO,
LOCATED IN A PORTION OF SECTION 29,
TOWNSHIP 9 NORTH, RANGE 30 EAST, W.M.
CITY OF PASCO,
FRANKLIN COUNTY, WASHINGTON

## LEGAL DESCRIPTION

ALL OF BLOCK 13 AND 14 OF NORTHERN PACIFIC FIRST ADDITION
TO THE CITY OF PASCO, AS PER PLAN THEREOF RECORDED
UNDER AUDITOR'S FILE NO. IN THE CITY OF PASCO,
COUNTY OF FRANKLIN, STATE OF WASHINGTON.

EASTERDAY FARMS

UNOFFICIAL COPY

UNOFFICIAL COPY

## SURVEYOR'S CERTIFICATION

## AUDITOR'S CERTIFICATION

FILED FOR RECORD THIS _____ DAY OF April, 1999 A.D., AND RECORDED IN VOLUME _____ OF SURVEYS,
PAGE, 514 AT THE REQUEST OF EASTERDAY FARMS.

### ROGERS SURVEYING INC.
745 COLUMBIA DRIVE
RICHLAND, WA. 99352
PHONE (509) 627-5656
FAX: (509) 627-5654

| CLIENT | EASTERDAY FARMS |
| PROJECT | BLOCKS 13 & 14 |
| | RECORD SURVEY |
| | PACIFIC FIRST ADDITION |

1

**<u>Exhibit 4</u>**

2          *Charlie Cox Estate Deed*

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

em27fx010y

AFTER RECORDING RETURN TO:
LEAVY, SCHULTZ, DAVIS & FEARING, P.S.
2415 West Falls Avenue
Kennewick, WA  99336



**1617747**
Page: 1 of 2
01/15/2003 04:42P
LEAVY, SCHULTZ, DAVIS & FEARSASN    20.00  Franklin Co. WA

## PERSONAL REPRESENTATIVE'S
## DEED AND SELLER'S ASSIGNMENT OF REAL ESTATE CONTRACT

Grantor(s):          CHARLIE N. COX ESTATE
Grantee(s):          COLUMBIA BASIN COLLEGE FOUNDATION
Abbreviated Legal:   Blocks 13 & 14, Northern Pacific 1st Addn. (undivided
                     ½ interest) Franklin County

(See Full Legal at Page 1)
Assessor's Tax Parcel No(s):   112-021-017
Excise Tax Paid (date)         Nov. 1, 1995
Document Assigned:             525228



THE GRANTOR, BAKER-BOYER NATIONAL BANK, as personal representative of
the Estate of CHARLIE NEEDHAM COX, JR., deceased, in settlement of decedent's estate,
conveys and quitclaims the interest of said estate, an undivided one-half interest, to COLUMBIA
BASIN COLLEGE FOUNDATION, the Grantee, in and to the following-described real estate,
situated in the County of Franklin, State of Washington including any interest therein which
grantor may hereafter acquire:

> An undivided one-half interest in and to:
> All of Blocks 13 and 14, Northern Pacific Addition to the City of Pasco, according to the
> Plat thereof recorded in Volume B of Plats, page 60, records of Franklin County,
> Washington.
>
> (NOTE:  As a result of this assignment, the Seller's interest is now held one-half by
> Columbia Basin College Foundation and one-half  remains the interest of the Helen C.
> Cox Estate.)

and does hereby assign, transfer and set over to the grantee an undivided one-half interest in
seller's interest in that certain real estate contract dated the 31st day of October, 1995, between
Charlie Cox and Helen Cox, husband and wife, seller, and Gale Easterday and Karen Easterday,
husband and wife; and Cody Easterday and Debby Easterday, husband and wife, purchaser, for
the sale and purchase of the above described real estate.  The grantee hereby assumes and agrees
to fulfill the conditions of said real estate contract as to one-half and the grantor hereby covenants
that there is now unpaid on the principal (one-half) of said contract approximately $200,791.00.


DATED this 14 day of _____January_____, 2003

BAKER-BOYER NATIONAL BANK
Personal Representative of Estate of
Charlie Needham Cox, Jr.

By: _____
    C. WAYNE MAY, Trust Officer

By: _____
    Craig E. Bolling , Trust Officer

STATE OF WASHINGTON  )
                     : ss.
COUNTY OF            )

On this 14 day of ___January___, 2003, before me, the undersigned Notary
Public in and for the State of Washington, duly commissioned and sworn, personally appeared C.
WAYNE MAY and ___Craig E. Bolling___ to me known to be Officers of
BAKER BOYER NATIONAL BANK, the banking association that executed the foregoing
instrument in its capacity as personal representative of the Last Will and Testament of Charlie
Needham Cox, Jr., and acknowledged the said instrument to be the free and voluntary act and
deed of said banking association, for the uses and purposes therein mentioned, and on oath stated
that they are authorized to execute the said instrument.

WITNESS my hand and official seal hereto affixed the day and year first above written.



_____
(NOTARY - Print or Type Name)
Notary Public in and for the
State of Washington,
residing at _Richland_ .

_____
(NOTARY - Print or Type Name)
My Commission Expires: 9-12-06

SELLER'S ASSIGNMENT OF REAL ESTATE CONTRACT - Page 2

## **Exhibit 5**

*Helen Cox Estate Deeds*

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

em27fx010y

AFTER RECORDING RETURN TO:
LEAVY, SCHULTZ, DAVIS & FEARING, P.S.
2415 West Falls Avenue
Kennewick, WA 99336



**1638049**
Page: 1 of 3
12/29/2003 03:22P
LEAVY, SCHULTZ, DAVIS & FEARASN    21.00  Franklin Co, WA

## PERSONAL REPRESENTATIVE'S PARTIAL
## DEED AND SELLER'S ASSIGNMENT OF REAL ESTATE CONTRACT

Grantor(s):                    HELEN C. COX ESTATE

Grantee(s):                    1) PERRY, JESSICA
                               2) CHANEY, RON; CHANEY, LOUISE, h & w
                               3) CORBA, WILLIAM; CORBA, MARY LOU, h & w
                               4) CORBA, RUTH
                               5) EDGE, MOLLY
                               6) MITCHELL, LINDA
                               7) MORROW, THOMAS O.

Abbreviated Legal:             Blocks 13 & 14, Northern Pacific 1st Addn. Franklin
                               County
(See Full Legal at Page 1)     (Pasco Warehouse Contract)
Assessor's Tax Parcel No(s):   112-021-017
Excise Tax Paid (date)         Nov. 1, 1995
Document Assigned:             525228

THE GRANTOR, BAKER-BOYER NATIONAL BANK and LOUISE CHANEY, as co-personal representatives of the Estate of HELEN C. COX, deceased, in settlement of decedent's estate, conveys and quitclaims a portion of the interest of said estate, to the following Grantees, in the amounts stated:

| Name of Grantee | Principal Amount of Contract Assigned |
|---|---|
| JESSICA PERRY, as her separate property | $ 17,832.00 |
| RON CHANEY and LOUISE CHANEY, husband and wife | $ 18,037.00 |

PERSONAL REPRESENTATIVE'S PARTIAL
ASSIGNMENT OF REAL ESTATE CONTRACT - Page 1

WILLIAM CORBA and MARY LOU CORBA,     $ 10,127.00
husband and wife

RUTH CORBA, as her separate property     $  5,037.00

MOLLY EDGE, as her separate property     $  3,344.00

LINDA MITCHELL, as her separate property  $  2,404.00

THOMAS O. MORROW, as his separate property  $  2,545.00

in and to the following-described real estate, situated in the County of Franklin, State of
Washington including any interest therein which grantor may hereafter acquire:

An undivided interest in and to:
All of Blocks 13 and 14, Northern Pacific Addition to the City of Pasco, according to the
Plat thereof recorded in Volume B of Plats, page 60, records of Franklin County,
Washington.

(NOTE:  As a result of this assignment, the Seller's interest is now held one-half by
Columbia Basin College Foundation and one-half among the Helen C. Cox Estate and the
above-named Grantees.)

and does hereby assign, transfer and set over to each above-named Grantee an amount of
remaining principal owed by purchaser in that certain real estate contract dated the 31st day of
October, 1995, between Charlie Cox and Helen Cox, husband and wife, seller, and Gale
Easterday and Karen Easterday, husband and wife; and Cody Easterday and Debby Easterday,
husband and wife, purchaser, for the sale and purchase of the above described real estate.  The
Grantees hereby assumes and agrees to fulfill the conditions of said real estate contract as to the
interest each has been assigned and Grantor hereby covenants that there is now unpaid on the
principal (one-half) of said contract approximately $_____.

DATED this _29_ day of ___December___, 2003.

<br>

BAKER-BOYER NATIONAL BANK
Personal Representative of Estate of
Helen C. Cox, deceased

_Louise Chaney_
LOUISE CHANEY
Co-Personal Representative

By: _____
CRAIG BOLLING,  Trust Officer

By: _____
Trust Officer

PERSONAL REPRESENTATIVE'S PARTIAL
ASSIGNMENT OF REAL ESTATE CONTRACT - Page 2

UNOFFICIAL COPY

STATE OF WASHINGTON    )
                                              : ss.
COUNTY OF  Benton        )

On this  17  day of  December , 2003, before me, the undersigned Notary Public in and for the State of Washington, duly commissioned and sworn, personally appeared  Craig Bolling  and  C. Wayne May  to me known to be Officers of BAKER BOYER NATIONAL BANK, the banking association that executed the foregoing instrument in its capacity as personal representative of the Last Will and Testament of Charlie Needham Cox, Jr., and acknowledged the said instrument to be the free and voluntary act and deed of said banking association, for the uses and purposes therein mentioned, and on oath stated that they are authorized to execute the said instrument.

WITNESS my hand and official seal hereto affixed the day and year first above written.



Cynthia Dellman
(NOTARY - Print or Type Name)
Notary Public in and for the
State of Washington,
residing at  Richland .
Cynthia Dillman
(NOTARY - Print or Type Name)
My Commission Expires:  9-12-06

UNOFFICIAL COPY

STATE OF WASHINGTON    )
                                              : ss.
COUNTY OF  Benton        )

On this day personally appeared before me LOUISE CHANEY, to me known to be the individual described in and who executed the within and foregoing instrument, and acknowledged that she signed the same as her free and voluntary act and deed, for the uses and purposes therein mentioned, acting in his capacity as Co-Personal Representative of the Estate of Helen C. Cox, deceased.

GIVEN under my hand and official seal this  17  day of  December , 2003.

Cynthia Dellman
NOTARY PUBLIC in and for the
State of Washington, residing
at  Richland
My commission expires on
9-12-06 .
Cynthia Dillman
(NOTARY - Print or Type Name)

PERSONAL REPRESENTATIVE'S PARTIAL
ASSIGNMENT OF REAL ESTATE CONTRACT - Page 3

AFTER RECORDING RETURN TO:
LEAVY, SCHULTZ, DAVIS & FEARING, P.S.
2415 West Falls Avenue
Kennewick, WA  99336



**1643951**
Page: **1 of 3**
05/03/2004 01:29P
LEAVY, SCHULTZ, DAVIS & FEARDEED     21.00  Franklin Co, WA

## PERSONAL REPRESENTATIVE'S
## DEED AND SELLER'S ASSIGNMENT OF REAL ESTATE CONTRACT

| | |
|---|---|
| Grantor(s): | HELEN C. COX ESTATE |
| Grantee(s): | 1) MITCHELL, LINDA |
| | 2) MORROW, THOMAS O. |
| | 3) FORSBACH, GAYLE |
| | 4) PROSSER, SHARON |
| | 5) ARMSTRONG, PATRICIA |
| | 6) CORBA, JOEL |
| | 7) CORBA, DAVID |
| | 8) CORBA, JUDITH ANN |
| | 9) WINN, MARLENE |
| | 10) PERRY, JANICE |
| | 11) CORBA, KENNETH |
| Abbreviated Legal: | Blocks 13 & 14, Northern Pacific 1ˢᵗ Addn. Franklin County |
| (See Full Legal at Page 2) | **(Pasco Warehouse Contract)** |
| Assessor's Tax Parcel No(s): | 112-021-017 |
| Excise Tax Paid (date) | Nov. 1, 1995 |
| Document Assigned: | 525228 |

THE GRANTOR, BAKER-BOYER NATIONAL BANK and LOUISE CHANEY, as co-personal representatives of the Estate of HELEN C. COX,  deceased, in settlement of decedent's estate, conveys and quitclaims the remaining interest of said estate, equally to the following Grantees, as his or her separate property: LINDA MITCHELL, THOMAS O. MORROW, GAYLE FORSBACH, SHARON PROSSER, PATRICIA ARMSTRONG, JOEL CORBA, DAVID CORBA, JUDITH ANN CORBA, MARLENE WINN, JANICE PERRY, and KENNETH CORBA, in and to the following-described real estate, situated in the County of Franklin, State of Washington including any interest therein which grantor may hereafter acquire:

PERSONAL REPRESENTATIVE'S
ASSIGNMENT OF REAL ESTATE CONTRACT - Page 1

<u>An undivided interest in and to:</u>
All of Blocks 13 and 14, Northern Pacific Addition to the City of Pasco, according to the Plat thereof recorded in Volume B of Plats, page 60, records of Franklin County, Washington.

and does hereby assign, transfer and set over to each above-named Grantees the remaining principal owed to the Estate of Helen C. Cox, deceased, by purchaser in that certain real estate contract dated the 31st day of October, 1995, between Charlie Cox and Helen Cox, husband and wife, seller, and Gale Easterday and Karen Easterday, husband and wife; and Cody Easterday and Debby Easterday, husband and wife, purchaser, for the sale and purchase of the above described real estate. The Grantees hereby assumes and agrees to fulfill the conditions of said real estate contract as to the interest each has been assigned.

DATED this 28th day of _April_, 2004.

_Louise Chaney_
LOUISE CHANEY
Co-Personal Representative

BAKER-BOYER NATIONAL BANK
Personal Representative of Estate of
Helen C. Cox, deceased

By: _____
CRAIG BOLLING, Trust Officer

By: _____
Trust Officer

UNOFFICIAL COPY

STATE OF WASHINGTON        )
                          : ss.
COUNTY OF                  )

On this 28th day of _April_, 2004, before me, the undersigned Notary Public in and for the State of Washington, duly commissioned and sworn, personally appeared _Craig F. Bolling_ and _C. Wayne May_ to me known to be Officers of BAKER BOYER NATIONAL BANK, the banking association that executed the foregoing instrument in its capacity as personal representative of the Last Will and Testament of Helen C Cox, and acknowledged the said instrument to be the free and voluntary act and deed of said banking association, for the uses and purposes therein mentioned, and on oath stated that they are authorized to execute the said instrument.

PERSONAL REPRESENTATIVE'S PARTIAL
ASSIGNMENT OF REAL ESTATE CONTRACT - Page 2

WITNESS my hand and official seal hereto affixed the day and year first above written.

_Sheila K. Overstreet_
(NOTARY - Print or Type Name)
Notary Public in and for the
State of Washington,
residing at _Richland_
_Sheila K. Overstreet_
(NOTARY - Print or Type Name)
My Commission Expires _3/4/05_

STATE OF WASHINGTON )
                     : ss.
COUNTY OF _Benton_   )

On this day personally appeared before me LOUISE CHANEY, to me known to be the individual described in and who executed the within and foregoing instrument, and acknowledged that she signed the same as her free and voluntary act and deed, for the uses and purposes therein mentioned, acting in his capacity as Co-Personal Representative of the Estate of Helen C. Cox, deceased.

GIVEN under my hand and official seal this _26_ day of _April_, 2004.

_Cynthia Dillman_
NOTARY PUBLIC in and for the
State of Washington, residing
at _Richland_.
My commission expires on
_9-12-06_.
_Cynthia Dillman_
(NOTARY - Print or Type Name)

UNOFFICIAL COPY

PERSONAL REPRESENTATIVE'S PARTIAL
ASSIGNMENT OF REAL ESTATE CONTRACT - Page 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **Exhibit 6**

*Fulfillment Deeds*

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

em27fx010y

After Recording Mail To:
GALE & KAREN EASTERDAY
CODY & DEBBY EASTERDAY
631 Bellflower Road
Mesa, WA 99343

1689918
Page: 1 of 2
09/19/2006 03:38P
BENTON FRANKLIN TITLE    DEED    33.00 Franklin Co, WA

*97-00150*

*BENTON CO. TREASURER*

*1/10/97*

*JAN 1 7 2006*

*9,945.4*

*EXCISE TAX PAID*

*Bmo*

BENTON FRANKLIN TITLE CO.

REAL ESTATE EXCISE TAX
Franklin County Ord. Under R.C.W. 28.45

Date _____ 11-1-P195

Amount $ _____ 9180⁴⁰ _____ Rec. No. 7837

Franklin County Treasurer

*33*

## STATUTORY WARRANTY DEED
## (FULFILLMENT)

GRANTORS:          COLUMBIA BASIN COLLEGE FOUNDATION
GRANTEES:          EASTERDAY, GALE; EASTERDAY, KAREN
                   EASTERDAY, CODY; EASTERDAY, DEBBY
Abbreviated Legal:  All Blocks 13 & 14, Northern Pacific Addition to Pasco
                    Franklin County, Washington
(See Full Legal Description at Page 1)
Tax Parcel No.:     112-021-017
Real Estate Excise Tax was paid on November 1, 1995; Rec. No. *525228*.

THE GRANTOR, COLUMBIA BASIN COLLEGE FOUNDATION for and in consideration of $10.00 and other good and valuable consideration, in hand paid, conveys and warrants to GALE EASTERDAY and KAREN EASTERDAY, husband and wife; and CODY EASTERDAY and DEBBY EASTERDAY, husband and wife, the following-described real estate, situated in the County of FRANKLIN, State of Washington:

> An undivided one-half interest in and to:
> All of Blocks 13 and 14, Northern Pacific Addition to the City of Pasco, according to the Plat thereof recorded in Volume B of Plats, page 60, records of Franklin County, Washington.
>
> SUBJECT TO easements, reservations, restrictions and conditions of record; and
> SUBJECT TO reservation in deed recorded November 14, 1990 under Auditor's File No. 475531

This deed is given in fulfillment of that certain real estate contract between Charlie Cox and Helen Cox, husband and wife, seller, and the Grantees named herein, buyer, dated the 31st day of October, 1995, recorded under Auditor's No. 525228 and conditioned for the conveyance of the above-described property, and the covenants of warranty herein contained shall not apply to any title, interest or encumbrance arising by, through or under the purchaser in said contract, and shall not apply to any taxes, assessments or other charges levied, assessed or becoming due subsequent to the date of said contract.

STATUTORY WARRANTY DEED (FULFILLMENT) Page 1

UNOFFICIAL COPY

DATED this 26th day of February, 2003.

COLUMBIA BASIN COLLEGE FOUNDATION

By: _____

RUTH SWAIN, Director


STATE OF WASHINGTON )
                    : ss.
COUNTY OF           )

On this 26 day of February, 2003, before me, the undersigned Notary Public in and for the State of Washington, duly commissioned and sworn, personally appeared RUTH SWAIN to me known to be the Director of COLUMBIA BASIN COLLEGE FOUNDATION and authorized to sign for said Foundation, the entity that executed the foregoing instrument and acknowledged the said instrument to be the free and voluntary act and deed of said Columbia Basin College Foundation, for the uses and purposes therein mentioned, and on oath stated that they are authorized to execute the said instrument.

WITNESS my hand and official seal hereto affixed the day and year first above written.

_____
(NOTARY - Print or Type Name)
Notary Public in and for the
State of Washington,
residing at Richland.

_____
(NOTARY - Print or Type Name)
My Commission Expires: 9-12-06

STATUTORY WARRANTY DEED (FULFILLMENT) Page 2

UNOFFICIAL COPY

After Recording Mail To:
GALE & KAREN EASTERDAY
CODY & DEBBY EASTERDAY
631 Bellflower Road
Mesa, WA 99343



**1689884**
Page: 1 of 2
09/19/2006 12:37P
BENTON FRANKLIN TITLE    DEED    33.00 Franklin Co, WA

REAL ESTATE EXCISE TAX
Franklin County Ord. Under R.C.W. 23.45
Date ___11-1-995____
Amount $ ___0.00___  Rec. No. __7887__
Franklin County Treasurer

## BENTON FRANKLIN TITLE CO.

### STATUTORY WARRANTY DEED
(FULFILLMENT)

*fmd*                                                    33

GRANTOR:                    CHANEY, RONALD; CHANEY, LOUISE.
GRANTEES:                   EASTERDAY, GALE; EASTERDAY, KAREN
                            EASTERDAY, CODY; EASTERDAY, DEBBY

Abbreviated Legal:          All Blocks 13 & 14, Northern Pacific Addition to Pasco
                            Franklin County, Washington

(See Full Legal Description at Page 1)
Tax Parcel No.:             112-021-017
Real Estate Excise Tax was paid on November 1, 1995; Rec. No. 525228

THE GRANTOR, RONALD CHANEY and LOUISE CHANEY, husband and wife, as her separate property, for and in consideration of $10.00 and other good and valuable consideration, in hand paid, conveys and warrants to GALE EASTERDAY and KAREN EASTERDAY, husband and wife; and CODY EASTERDAY and DEBBY EASTERDAY, husband and wife, the following-described real estate, situated in the County of FRANKLIN, State of Washington:

> An undivided 4.63670% interest in and to:
> All of Blocks 13 and 14, Northern Pacific Addition to the City of Pasco, according to the Plat thereof recorded in Volume B of Plats, page 60, records of Franklin County, Washington.
>
> SUBJECT TO easements, reservations, restrictions and conditions of record; and SUBJECT TO reservation in deed recorded November 14, 1990 under Auditor's File No. 475531

This deed is given in fulfillment of that certain real estate contract between Charlie Cox and Helen Cox, husband and wife, seller, and the Grantees named herein, buyer, dated the 31st day of October, 1995, recorded under Auditor's No. 525228 and conditioned for the conveyance of the above-described property, and the covenants of warranty herein contained shall not apply to any title, interest or encumbrance arising by, through or under the purchaser in said contract, and

STATUTORY WARRANTY DEED (FULFILLMENT) Page 1

shall not apply to any taxes, assessments or other charges levied, assessed or becoming due subsequent to the date of said contract.

DATED this _8_ day of ____June____, 2004.

_Ronald Chaney_
RONALD CHANEY

_Louise Chaney_
LOUISE CHANEY

STATE OF _Washington_ )
                                              : ss.
COUNTY OF _Benton_ )

On this day personally appeared before me RONALD CHANEY and LOUISE CHANEY to me known to be the individual described in and who executed the within and foregoing instrument, and acknowledged that they signed the same as their free and voluntary act and deed, for the uses and purposes therein mentioned.

GIVEN under my hand and official seal this _8_ day of ____June____, 2004.

_Cynthia F Dillman_
NOTARY PUBLIC in and for the
State of Washington, residing
at _Richland_ .
_Cynthia Dillman_
NOTARY - Print or Type Name
My Commission Expires: _9-12-06_



STATUTORY WARRANTY DEED (FULFILLMENT) Page 2

UNOFFICIAL COPY

After Recording Mail To:
GALE & KAREN EASTERDAY
CODY & DEBBY EASTERDAY
631 Bellflower Road
Mesa, WA 99343



**1689914**
Page: 1 of 2
09/19/2006 03:38P
BENTON FRANKLIN TITLE     DEED     33.00 Franklin Co, WA

REAL ESTATE EXCISE TAX
Franklin County Ord. Under R.C.W. 23.45

BENTON FRANKLIN TITLE CO.     Date _11-1-1995_
Amount $ _9180 00_  Rec. No._7827_

Franklin County Treasurer

## STATUTORY WARRANTY DEED
### (FULFILLMENT)

Pmo                                              33

GRANTOR:                    MITCHELL, LINDA J.
GRANTEES:                   EASTERDAY, GALE; EASTERDAY, KAREN
                            EASTERDAY, CODY; EASTERDAY, DEBBY
Abbreviated Legal:          All Blocks 13 & 14, Northern Pacific Addition to Pasco
                            Franklin County, Washington
(See Full Legal Description at Page 1)
Tax Parcel No.:             112-021-017
Real Estate Excise Tax was paid on November 1, 1995; Rec. No. 525228.

THE GRANTOR, LINDA J. MITCHELL, as her separate property, for and in consideration of $10.00 and other good and valuable consideration, in hand paid, conveys and warrants to GALE EASTERDAY and KAREN EASTERDAY, husband and wife; and CODY EASTERDAY and DEBBY EASTERDAY, husband and wife, the following-described real estate, situated in the County of FRANKLIN, State of Washington:

An undivided 3.77701% interest in and to:
All of Blocks 13 and 14, Northern Pacific Addition to the City of Pasco, according to the Plat thereof recorded in Volume B of Plats, page 60, records of Franklin County, Washington.

SUBJECT TO easements, reservations, restrictions and conditions of record; and
SUBJECT TO reservation in deed recorded November 14, 1990 under Auditor's File No. 475531

This deed is given in fulfillment of that certain real estate contract between Charlie Cox and Helen Cox, husband and wife, seller, and the Grantees named herein, buyer, dated the 31st day of October, 1995, recorded under Auditor's No. 525228 and conditioned for the conveyance of the above-described property, and the covenants of warranty herein contained shall not apply to any title, interest or encumbrance arising by, through or under the purchaser in said contract, and shall not apply to any taxes, assessments or other charges levied, assessed or becoming due subsequent to the date of said contract.

STATUTORY WARRANTY DEED (FULFILLMENT) Page 1

```
1689914
Page: 2 of 2
09/19/2006 03:38P
```
BENTON FRANKLIN TITLE      DEED      33.00 Franklin Co, WA

DATED this _8th_ day of _June_, 2004.

_Linda J. Mitchell_
LINDA J. MITCHELL

STATE OF _PA_ )
                 : ss.
COUNTY OF _Bucks_ )

      On this day personally appeared before me LINDA J. MITCHELL to me known to be the individual described in and who executed the within and foregoing instrument, and acknowledged that she signed the same as her free and voluntary act and deed, for the uses and purposes therein mentioned.

      GIVEN under my hand and official seal this _8th_ day of _June_, 2004.

UNOFFICIAL COPY

_Eve Krieger_
NOTARY PUBLIC in and for the State of _PA_, residing at _Newtown_
_County of Bucks_
NOTARY - Print or Type Name
My Commission Expires: _1/17/05_

NOTARIAL SEAL
Eve B. Krieger, Notary Public
Newtown Twp., County of Bucks
My Commission Expires Jan. 17, 2005

STATUTORY WARRANTY DEED (FULFILLMENT) Page 2

After Recording Mail To:
GALE & KAREN EASTERDAY
CODY & DEBBY EASTERDAY
631 Bellflower Road
Mesa, WA 99343



**1689886**
Page: 1 of 2
09/19/2006 12:37P
BENTON FRANKLIN TITLE    DEED    33.00 Franklin Co, WA

REAL ESTATE EXCISE TAX
Franklin County Ord. Under R.C.W. 20.45
Date  11-1-1995
Amount $ 0180.00  Rec. No. 7807
Franklin County Treasurer

BENTON FRANKLIN TITLE CO

## STATUTORY WARRANTY DEED
### (FULFILLMENT)

*Fmo*                                                    33

GRANTOR:              WINN, MARLENE M.
GRANTEES:             EASTERDAY, GALE; EASTERDAY, KAREN
                     EASTERDAY, CODY; EASTERDAY, DEBBY
Abbreviated Legal:    All Blocks 13 & 14, Northern Pacific Addition to Pasco
                     Franklin County, Washington

(See Full Legal Description at Page 1)
Tax Parcel No.:       112-021-017
Real Estate Excise Tax was paid on November 1, 1995; Rec. No. 525228.

THE GRANTOR, MARLENE M. WINN, as her separate property, for and in consideration of $10.00 and other good and valuable consideration, in hand paid, conveys and warrants to GALE EASTERDAY and KAREN EASTERDAY, husband and wife; and CODY EASTERDAY and DEBBY EASTERDAY, husband and wife, the following-described real estate, situated in the County of FRANKLIN, State of Washington:

    An undivided 3.15903% interest in and to:
    All of Blocks 13 and 14, Northern Pacific Addition to the City of Pasco, according to the Plat thereof recorded in Volume B of Plats, page 60, records of Franklin County, Washington.

    SUBJECT TO easements, reservations, restrictions and conditions of record; and
    SUBJECT TO reservation in deed recorded November 14, 1990 under Auditor's File No. 475531

This deed is given in fulfillment of that certain real estate contract between Charlie Cox and Helen Cox, husband and wife, seller, and the Grantees named herein, buyer, dated the 31st day of October, 1995, recorded under Auditor's No. 525228 and conditioned for the conveyance of the above-described property, and the covenants of warranty herein contained shall not apply to any title, interest or encumbrance arising by, through or under the purchaser in said contract, and shall not apply to any taxes, assessments or other charges levied, assessed or becoming due subsequent to the date of said contract.

STATUTORY WARRANTY DEED (FULFILLMENT) Page 1

DATED this _10th_ day of _June_, 2004.


_Marlene M Winn_
MARLENE M. WINN


STATE OF                    )
                           : ss.
COUNTY OF                   )


On this day personally appeared before me MARLENE M. WINN to me known to be the individual described in and who executed the within and foregoing instrument, and acknowledged that she signed the same as her free and voluntary act and deed, for the uses and purposes therein mentioned.

GIVEN under my hand and official seal this _10_ day of _June_, 2004.



NOTARY PUBLIC in and for the State of _Florida_, residing at _____

NOTARY - Print or Type Name
My Commission Expires: _1/2/06_

JAMIE L. SHONK
Notary Public State of Florida
My comm. expires Jan 2, 2006
No. DD 081592

UNOFFICIAL COPY

STATUTORY WARRANTY DEED (FULFILLMENT) Page 2



**1689879**
Page: 1 of 2
09/19/2006 12:37P
BENTON FRANKLIN TITLE     DEED     33.00  Franklin Co, WA

REAL ESTATE EXCISE TAX
Franklin County Ord. Under R.C.W. 23.45
Date ___11·1·1995___
Amount $ ___0180.00___ Rec. No. __7827__
Franklin County Treasurer

BENTON FRANKLIN TITLE CO.

FmO

## STATUTORY WARRANTY DEED
### (FULFILLMENT)

33

GRANTOR:               CORBA, RUTH.
GRANTEES:              EASTERDAY, GALE; EASTERDAY, KAREN
                       EASTERDAY, CODY; EASTERDAY, DEBBY
Abbreviated Legal:     All Blocks 13 & 14, Northern Pacific Addition to Pasco
                       Franklin County, Washington
(See Full Legal Description at Page 1)
Tax Parcel No.:        112-021-017
Real Estate Excise Tax was paid on November 1, 1995; Rec. No. 525228.

THE GRANTOR, RUTH CORBA, as her separate property, for and in consideration of $10.00 and other good and valuable consideration, in hand paid, conveys and warrants to GALE EASTERDAY and KAREN EASTERDAY, husband and wife; and CODY EASTERDAY and DEBBY EASTERDAY, husband and wife, the following-described real estate, situated in the County of FRANKLIN, State of Washington:

>  An undivided 1.29484% interest in and to:
>  All of Blocks 13 and 14, Northern Pacific Addition to the City of Pasco, according to the Plat thereof recorded in Volume B of Plats, page 60, records of Franklin County, Washington.
>
>  SUBJECT TO easements, reservations, restrictions and conditions of record; and
>  SUBJECT TO reservation in deed recorded November 14, 1990 under Auditor's File No. 475531

This deed is given in fulfillment of that certain real estate contract between Charlie Cox and Helen Cox, husband and wife, seller, and the Grantees named herein, buyer, dated the 31st day of October, 1995, recorded under Auditor's No. 525228 and conditioned for the conveyance of the above-described property, and the covenants of warranty herein contained shall not apply to any title, interest or encumbrance arising by, through or under the purchaser in said contract, and shall not apply to any taxes, assessments or other charges levied, assessed or becoming due subsequent to the date of said contract.

STATUTORY WARRANTY DEED (FULFILLMENT) Page 1

DATED this _10__ day of _June_____, 2004.

_Ruth Corba_____
RUTH CORBA

STATE OF                    )
                           : ss.
COUNTY OF                   )

On this day personally appeared before me RUTH CORBA to me known to be the individual described in and who executed the within and foregoing instrument, and acknowledged that she signed the same as her free and voluntary act and deed, for the uses and purposes therein mentioned.

GIVEN under my hand and official seal this _10_ day of _June_____, 2004.

UNOFFICIAL COPY

NOTARY PUBLIC in and for the
State of _Florida____, residing
at _7412 Manatee Ave W___
_Bradenton  FL 34209___
NOTARY - Print or Type Name
My Commission Expires: _1/2/06_

JAMIE L. SHONK
Notary Public, State of Florida
My comm. expires Jan 2 2006
No. DD 051592

STATUTORY WARRANTY DEED (FULFILLMENT) Page 2



1689916
Page: 1 of 2
09/19/2006 03:38P
BENTON FRANKLIN TITLE    DEED    33.00 Franklin Co, WA

After Recording Mail To:
GALE & KAREN EASTERDAY
CODY & DEBBY EASTERDAY
631 Bellflower Road
Mesa, WA 99343

................. TAX
.......... Ord. Under R.C.W. 28.45
................. 11-1-1995
............ 9180 00 Rec. No. 7937
................. Franklin County Treasurer

BENTON FRANKLIN TITLE CO.

*pmO*

## STATUTORY WARRANTY DEED
### (FULFILLMENT)

*33*

GRANTOR:              PROSSER, SHARON L.
GRANTEES:             EASTERDAY, GALE; EASTERDAY, KAREN
                      EASTERDAY, CODY; EASTERDAY, DEBBY
Abbreviated Legal:    All Blocks 13 & 14, Northern Pacific Addition to Pasco
                      Franklin County, Washington
(See Full Legal Description at Page 1)
Tax Parcel No.:       112-021-017
Real Estate Excise Tax was paid on November 1, 1995; Rec. No. 525229.

THE GRANTOR, SHARON L. PROSSER, as her separate property, for and in consideration of $10.00 and other good and valuable consideration, in hand paid, conveys and warrants to GALE EASTERDAY and KAREN EASTERDAY, husband and wife; and CODY EASTERDAY and DEBBY EASTERDAY, husband and wife, the following-described real estate, situated in the County of FRANKLIN, State of Washington:

    An undivided 3.15903% interest in and to:
    All of Blocks 13 and 14, Northern Pacific Addition to the City of Pasco, according to the Plat thereof recorded in Volume B of Plats, page 60, records of Franklin County, Washington.

    SUBJECT TO easements, reservations, restrictions and conditions of record; and
    SUBJECT TO reservation in deed recorded November 14, 1990 under Auditor's File No. 475531

This deed is given in fulfillment of that certain real estate contract between Charlie Cox and Helen Cox, husband and wife, seller, and the Grantees named herein, buyer, dated the 31st day of October, 1995, recorded under Auditor's No. 525228 and conditioned for the conveyance of the above-described property, and the covenants of warranty herein contained shall not apply to any title, interest or encumbrance arising by, through or under the purchaser in said contract, and shall not apply to any taxes, assessments or other charges levied, assessed or becoming due subsequent to the date of said contract.

STATUTORY WARRANTY DEED (FULFILLMENT) Page 1

DATED this 14th day of _JUNE_, 2004.

_Sharon L. Prosser_ (signature)

SHARON L. PROSSER

STATE OF WA )
                 : ss.
COUNTY OF KING )

On this day personally appeared before me SHARON L. PROSSER to me known to be the individual described in and who executed the within and foregoing instrument, and acknowledged that she signed the same as her free and voluntary act and deed, for the uses and purposes therein mentioned.

GIVEN under my hand and official seal this 14th day of _June_, 2004.

UNOFFICIAL COPY

_Debra Wallin_ (signature)

NOTARY PUBLIC in and for the State of WA, residing at Issaquah.

Debra Wallin
NOTARY - Print or Type Name
My Commission Expires: 11/29/06

[Notary seal: DEBRA WALLIN — COMMISSION EXPIRES — NOTARY PUBLIC — 11-29-06 — STATE OF WASHINGTON]

STATUTORY WARRANTY DEED (FULFILLMENT) Page 2

After Recording Mail To:
GALE & KAREN EASTERDAY
CODY & DEBBY EASTERDAY
631 Bellflower Road
Mesa, WA 99343



**1689885**
Page: 1 of 2
09/19/2006 12:37P
BENTON FRANKLIN TITLE    DEED    33.00 Franklin Co, WA

REAL ESTATE EXCISE TAX
Franklin County Ord. Under R.C.W. 2
Date __11-1-1995__
BENTON FRANKLIN TITLE CO  Amount $__4160.00__  Rec. No. __7837__
Franklin County Treasurer

*FmU*

## STATUTORY WARRANTY DEED
### (FULFILLMENT)
*33*

GRANTOR:            CORBA, JOEL T.
GRANTEES:           EASTERDAY, GALE; EASTERDAY, KAREN
                    EASTERDAY, CODY; EASTERDAY, DEBBY
Abbreviated Legal:  All Blocks 13 & 14, Northern Pacific Addition to Pasco
                    Franklin County, Washington
(See Full Legal Description at Page 1)
Tax Parcel No.:     112-021-017
Real Estate Excise Tax was paid on November 1, 1995; Rec. No. *525228*.

THE GRANTOR, JOEL T. CORBA, as his separate property, for and in consideration of $10.00 and other good and valuable consideration, in hand paid, conveys and warrants to GALE EASTERDAY and KAREN EASTERDAY, husband and wife, and CODY EASTERDAY and DEBBY EASTERDAY, husband and wife, the following-described real estate, situated in the County of FRANKLIN, State of Washington:

An undivided 3.15903% interest in and to:
All of Blocks 13 and 14, Northern Pacific Addition to the City of Pasco, according to the Plat thereof recorded in Volume B of Plats, page 60, records of Franklin County, Washington.

SUBJECT TO easements, reservations, restrictions and conditions of record; and
SUBJECT TO reservation in deed recorded November 14, 1990 under Auditor's File No. 475531.

This deed is given in fulfillment of that certain real estate contract between Charlie Cox and Helen Cox, husband and wife, seller, and the Grantees named herein, buyer, dated the 31st day of October, 1995, recorded under Auditor's No. 525228 and conditioned for the conveyance of the above-described property, and the covenants of warranty herein contained shall not apply to any title, interest or encumbrance arising by, through or under the purchaser in said contract, and shall not apply to any taxes, assessments or other charges levied, assessed or becoming due subsequent to the date of said contract.

STATUTORY WARRANTY DEED (FULFILLMENT) Page 1

DATED this _15th_ day of ___June___, 2004.

_Joel T Corba._

JOEL T. CORBA

STATE OF _Hawaii_          )

_City &_ COUNTY OF _Honolulu_      ) : ss.
                                   )

On this day personally appeared before me JOEL T. CORBA to me known to be the individual described in and who executed the within and foregoing instrument, and acknowledged that he signed the same as his free and voluntary act and deed, for the uses and purposes therein mentioned.

GIVEN under my hand and official seal this _15th_ day of ___June___, 2004.



_Helen M.A. Kanda_

NOTARY PUBLIC in and for the State of _Hawaii_ , residing at _1860 Ala Moana Blvd, Honolulu 96815_

**HELEN A. KANDA**

NOTARY - Print or Type Name
My Commission Expires: _7/6/2004_



1689912
Page: 1 of 2
09/19/2006 03:38P
BENTON FRANKLIN TITLE    DEED    33.00  Franklin Co. WA

After Recording Mail To:
GALE & KAREN EASTERDAY
CODY & DEBBY EASTERDAY
631 Bellflower Road
Mesa, WA 99343

REAL ESTATE EXCISE TAX
Franklin County Ord. Under R.C.W. 28.45
Date ____11-1-1995____
Amount $ _918000_ Rec. No. _7837_
Franklin County Treasurer

BENTON FRANKLIN TITLE CO

## STATUTORY WARRANTY DEED
### (FULFILLMENT)

Fmo                                                        33

GRANTOR:             CORBA, KENNETH W.
GRANTEES:            EASTERDAY, GALE; EASTERDAY, KAREN
                     EASTERDAY, CODY; EASTERDAY, DEBBY
Abbreviated Legal:   All Blocks 13 & 14, Northern Pacific Addition to Pasco
                     Franklin County, Washington
(See Full Legal Description at Page 1)
Tax Parcel No.:      112-021-017
Real Estate Excise Tax was paid on November 1, 1995; Rec. No. 525228.

THE GRANTOR, KENNETH W. CORBA, as his separate property, for and in consideration of $10.00 and other good and valuable consideration, in hand paid, conveys and warrants to GALE EASTERDAY and KAREN EASTERDAY, husband and wife; and CODY EASTERDAY and DEBBY EASTERDAY, husband and wife, the following-described real estate, situated in the County of FRANKLIN, State of Washington:

An undivided 3.15903% interest in and to:
All of Blocks 13 and 14, Northern Pacific Addition to the City of Pasco, according to the Plat thereof recorded in Volume B of Plats, page 60, records of Franklin County, Washington.

SUBJECT TO easements, reservations, restrictions and conditions of record; and SUBJECT TO reservation in deed recorded November 14, 1990 under Auditor's File No. 475531

This deed is given in fulfillment of that certain real estate contract between Charlie Cox and Helen Cox, husband and wife, seller, and the Grantees named herein, buyer, dated the 31st day of October, 1995, recorded under Auditor's No. 525228 and conditioned for the conveyance of the above-described property, and the covenants of warranty herein contained shall not apply to any title, interest or encumbrance arising by, through or under the purchaser in said contract, and shall not apply to any taxes, assessments or other charges levied, assessed or becoming due subsequent to the date of said contract.

STATUTORY WARRANTY DEED (FULFILLMENT) Page 1

DATED this 16 day of June , 2004.

KENNETH W. CORBA

STATE OF New York )

COUNTY OF New York ) ss.

On this day personally appeared before me KENNETH W. CORBA to me known to be the individual described in and who executed the within and foregoing instrument, and acknowledged that he signed the same as his free and voluntary act and deed, for the uses and purposes therein mentioned.

GIVEN under my hand and official seal this 16th day of June , 2004.

UNOFFICIAL COPY

NOTARY PUBLIC in and for the
State of _____, residing
at _____

CHANNASANDRA VENKATACHALAPATHY
Notary Public, State of New York
No. 01VE6077493
Qualified in Queens County
Commission Expires July 15, 2006

NOTARY - Print or Type Name
My Commission Expires:

After Recording Mail To:
GALE & KAREN EASTERDAY
CODY & DEBBY EASTERDAY
631 Bellflower Road
Mesa, WA 99343



**1689913**
Page: 1 of 2
09/19/2006 03:38P
BENTON FRANKLIN TITLE    DEED    33.00 Franklin Co, WA

REAL ESTATE EXCISE TAX
Franklin County Ord. Under R.C.W. 82.45

Date ___11-1-1995___

BENTON FRANKLIN TITLE CO    Amount $ ___9120___ Rec. No. ___7897___
Franklin County Treasurer

<u>**STATUTORY WARRANTY DEED**</u>
**(FULFILLMENT)**

*fm20*                                                                    33

GRANTOR(S):          CORBA, WILLIAM H.; CORBA, MARYLOU
GRANTEES:            EASTERDAY, GALE; EASTERDAY, KAREN
                     EASTERDAY, CODY; EASTERDAY, DEBBY
Abbreviated Legal:   All Blocks 13 & 14, Northern Pacific Addition to Pasco
                     Franklin County, Washington
(See Full Legal Description at Page 1)
Tax Parcel No.:      112-021-017
Real Estate Excise Tax was paid on November 1, 1995; Rec. No. 525228.

THE GRANTOR, WILLIAM H. CORBA and MARYLOU CORBA, husband and wife, for and in consideration of $10.00 and other good and valuable consideration, in hand paid, conveys and warrants to GALE EASTERDAY and KAREN EASTERDAY, husband and wife; and CODY EASTERDAY and DEBBY EASTERDAY, husband and wife, the following-described real estate, situated in the County of FRANKLIN, State of Washington:

> <u>An undivided 2.60331% interest in and to:</u>
> All of Blocks 13 and 14, Northern Pacific Addition to the City of Pasco, according to the Plat thereof recorded in Volume B of Plats, page 60, records of Franklin County, Washington.
>
> SUBJECT TO easements, reservations, restrictions and conditions of record; and
> SUBJECT TO reservation in deed recorded November 14, 1990 under Auditor's File No. 475531

This deed is given in fulfillment of that certain real estate contract between Charlie Cox and Helen Cox, husband and wife, seller, and the Grantees named herein, buyer, dated the 31st day of October, 1995, recorded under Auditor's No. 525228 and conditioned for the conveyance of the above-described property, and the covenants of warranty herein contained shall not apply to any title, interest or encumbrance arising by, through or under the purchaser in said contract, and shall not apply to any taxes, assessments or other charges levied, assessed or becoming due subsequent to the date of said contract.

STATUTORY WARRANTY DEED (FULFILLMENT) Page 1

UNOFFICIAL COPY

DATED this *16* day of *JUNE*, 2004.

_William H. Corba_
WILLIAM H. CORBA

_Marylou Corba_
MARYLOU CORBA

STATE OF   Michigan          )
                             : ss.
COUNTY OF   Oakland          )

On this day personally appeared before me WILLIAM H. CORBA and MARYLOU CORBA to me known to be the individuals described in and who executed the within and foregoing instrument, and acknowledged that they signed the same as their free and voluntary act and deed, for the uses and purposes therein mentioned.

GIVEN under my hand and official seal this *16* day of *June*, 2004.



NOTARY PUBLIC in and for the
State of  Michigan , residing
at  43332 Woodward
Bloomfield Hills, MI. 48302
NOTARY - Print or Type Name
My Commission Expires: 7-10-08

ERICA J. WILLIAMS
Notary Public, Oakland County, MI
Acting in   Oakland   Co., MI
My Commission Expires 07/10/2008

STATUTORY WARRANTY DEED (FULFILLMENT) Page 2

After Recording Mail To:
GALE & KAREN EASTERDAY
CODY & DEBBY EASTERDAY
631 Bellflower Road
Mesa, WA 99343



**1689888**
Page: 1 of 2
09/19/2006 12:37P
BENTON FRANKLIN TITLE    DEED    33.00  Franklin Co, WA

REAL ESTATE EXCISE TAX
Franklin County Ord. Under R.C.W. 28.45
Date ____11-1-9G5____
Amount $___9180⁰⁰___ Rec. No. 7837
Franklin County Treasurer

BENTON FRANKLIN TITLE CO.

FmO

## STATUTORY WARRANTY DEED
### (FULFILLMENT)

33

GRANTOR:         CORBA, DAVID E.
GRANTEES:        EASTERDAY, GALE; EASTERDAY, KAREN
                 EASTERDAY, CODY; EASTERDAY, DEBBY
Abbreviated Legal:   All Blocks 13 & 14, Northern Pacific Addition to Pasco
                     Franklin County, Washington
(See Full Legal Description at Page 1)
Tax Parcel No.:      112-021-017
Real Estate Excise Tax was paid on November 1, 1995; Rec. No. 525228.

THE GRANTOR, DAVID E. CORBA, as his separate property, for and in consideration of $10.00 and other good and valuable consideration, in hand paid, conveys and warrants to GALE EASTERDAY and KAREN EASTERDAY, husband and wife; and CODY EASTERDAY and DEBBY EASTERDAY, husband and wife, the following-described real estate, situated in the County of FRANKLIN, State of Washington:

> An undivided 3.15903% interest in and to:
> All of Blocks 13 and 14, Northern Pacific Addition to the City of Pasco, according to the Plat thereof recorded in Volume B of Plats, page 60, records of Franklin County, Washington.
>
> SUBJECT TO easements, reservations, restrictions and conditions of record; and SUBJECT TO reservation in deed recorded November 14, 1990 under Auditor's File No. 475531

This deed is given in fulfillment of that certain real estate contract between Charlie Cox and Helen Cox, husband and wife, seller, and the Grantees named herein, buyer, dated the 31st day of October, 1995, recorded under Auditor's No. 525228 and conditioned for the conveyance of the above-described property, and the covenants of warranty herein contained shall not apply to any title, interest or encumbrance arising by, through or under the purchaser in said contract, and shall not apply to any taxes, assessments or other charges levied, assessed or becoming due subsequent to the date of said contract.

STATUTORY WARRANTY DEED (FULFILLMENT) Page 1

DATED this *18* day of _____*June*_____, 2004.


*David E. Corba*
DAVID E. CORBA

STATE OF *Michigan*           )
                             : ss.
COUNTY OF *Macomb*           )

On this day personally appeared before me DAVID E., CORBA to me known to be the individual described in and who executed the within and foregoing instrument, and acknowledged that he signed the same as his free and voluntary act and deed, for the uses and purposes therein mentioned.

GIVEN under my hand and official seal this *18* day of _____*June*_____, 2004.

*Sylvia Barbara Polowniak*
NOTARY PUBLIC in and for the
State of *Michigan*, residing
at *Macomb Community College*
*SYLVIA BARBARA POLOWNIAK*
NOTARY - Print or Type Name
My Commission Expires: *9/19/05*

SYLVIA BARBARA POLOWNIAK
Notary Public, Macomb County, MI
My Commission Expires Sep. 19, 2005

UNOFFICIAL COPY

STATUTORY WARRANTY DEED (FULFILLMENT) Page 2



After Recording Mail To:
GALE & KAREN EASTERDAY
CODY & DEBBY EASTERDAY
631 Bellflower Road
Mesa, WA 99343

REAL ESTATE EXCISE TAX
Franklin County Ord. Under R.C.W. 26.45
Date 11-1-1995
Amount $ ~~6180~~ Rec. No. ~~7827~~
Franklin County Treasurer

## BENTON FRANKLIN TITLE CO.

### <u>STATUTORY WARRANTY DEED</u>
### (FULFILLMENT)

*fmo*

GRANTOR:                CORBA, JUDITH ANN                    33
GRANTEES:               EASTERDAY, GALE; EASTERDAY, KAREN
                        EASTERDAY, CODY; EASTERDAY, DEBBY
Abbreviated Legal:      All Blocks 13 & 14, Northern Pacific Addition to Pasco
                        Franklin County, Washington

(See Full Legal Description at Page 1)
Tax Parcel No.:         112-021-017
Real Estate Excise Tax was paid on November 1, 1995; Rec. No. *525228*.

THE GRANTOR, JUDITH ANN CORBA, as her separate property, for and in consideration of $10.00 and other good and valuable consideration, in hand paid, conveys and warrants to GALE EASTERDAY and KAREN EASTERDAY, husband and wife; and CODY EASTERDAY and DEBBY EASTERDAY, husband and wife, the following-described real estate, situated in the County of FRANKLIN, State of Washington:

An undivided 3.15903% interest in and to:
All of Blocks 13 and 14, Northern Pacific Addition to the City of Pasco, according to the Plat thereof recorded in Volume B of Plats, page 60, records of Franklin County, Washington.

SUBJECT TO easements, reservations, restrictions and conditions of record; and
SUBJECT TO reservation in deed recorded November 14, 1990 under Auditor's File No. 475531

This deed is given in fulfillment of that certain real estate contract between Charlie Cox and Helen Cox, husband and wife, seller, and the Grantees named herein, buyer, dated the 31st day of October, 1995, recorded under Auditor's No. 525228 and conditioned for the conveyance of the above-described property, and the covenants of warranty herein contained shall not apply to any title, interest or encumbrance arising by, through or under the purchaser in said contract, and shall not apply to any taxes, assessments or other charges levied, assessed or becoming due subsequent to the date of said contract.

STATUTORY WARRANTY DEED (FULFILLMENT) Page 1

DATED this **21** day of _June_, 2004.

_Judith Ann Corba_
JUDITH ANN CORBA

STATE OF _California_ )
                                          : ss.
COUNTY OF _Sonoma_ )

    On this day personally appeared before me JUDITH ANN CORBA to me known to be the individual described in and who executed the within and foregoing instrument, and acknowledged that she signed the same as her free and voluntary act and deed, for the uses and purposes therein mentioned.

    GIVEN under my hand and official seal this **21st** day of _June, 2004_, 2004.





NOTARY PUBLIC in and for the State of _California_, residing at _Petaluma=CA 94954_.

~~Dallys G. Eggett~~
NOTARY - Print or Type Name
My Commission Expires: _Nov. 2, 2007_

OFFICIAL SEAL - 1449025
DALLYS G. EGGETT
NOTARY PUBLIC - CALIF.
COUNTY OF SONOMA
My Comm. Exp. Nov. 2, 2007

STATUTORY WARRANTY DEED (FULFILLMENT) Page 2

After Recording Mail To:
GALE & KAREN EASTERDAY
CODY & DEBBY EASTERDAY
631 Bellflower Road
Mesa, WA 99343



**1689883**
Page: 1 of 2
09/19/2006 12:37P
BENTON FRANKLIN TITLE     DEED     33.00  Franklin Co, WA

REAL ESTATE EXCISE TAX
Franklin County Ord. Under R.C.W. 28.45
Date _____ 11-1-1995 _____
Amount $_11800__ Rec. No. _7597_
Franklin County Treasurer

BENTON FRANKLIN TITLE CO.

## STATUTORY WARRANTY DEED
### (FULFILLMENT)

*Fm 0*

33

GRANTOR:                FORSBACH, GAYLE
GRANTEES:               EASTERDAY, GALE; EASTERDAY, KAREN
                        EASTERDAY, CODY; EASTERDAY, DEBBY
Abbreviated Legal:      All Blocks 13 & 14, Northern Pacific Addition to Pasco
                        Franklin County, Washington
(See Full Legal Description at Page 1)
Tax Parcel No.:         112-021-017
Real Estate Excise Tax was paid on November 1, 1995; Rec. No. 525228 .

THE GRANTOR, GAYLE FORSBACH, as her separate property, for and in consideration of $10.00 and other good and valuable consideration, in hand paid, conveys and warrants to GALE EASTERDAY and KAREN EASTERDAY, husband and wife; and CODY EASTERDAY and DEBBY EASTERDAY, husband and wife, the following-described real estate, situated in the County of FRANKLIN, State of Washington:

An undivided 3.15903% interest in and to:
All of Blocks 13 and 14, Northern Pacific Addition to the City of Pasco, according to the Plat thereof recorded in Volume B of Plats, page 60, records of Franklin County, Washington.

SUBJECT TO easements, reservations, restrictions and conditions of record; and
SUBJECT TO reservation in deed recorded November 14, 1990 under Auditor's File No. 475531

This deed is given in fulfillment of that certain real estate contract between Charlie Cox and Helen Cox, husband and wife, seller, and the Grantees named herein, buyer, dated the 31st day of October, 1995, recorded under Auditor's No. 525228 and conditioned for the conveyance of the above-described property, and the covenants of warranty herein contained shall not apply to any title, interest or encumbrance arising by, through or under the purchaser in said contract, and shall not apply to any taxes, assessments or other charges levied, assessed or becoming due subsequent to the date of said contract.

STATUTORY WARRANTY DEED (FULFILLMENT) Page 1


DATED this 24th day of June, 2004.

*Gayle Forsbach*

GAYLE FORSBACH

STATE OF *Texas*        )
                        : ss.
COUNTY OF *Bexar*       )

    On this day personally appeared before me GAYLE FORSBACH to me known to be the individual described in and who executed the within and foregoing instrument, and acknowledged that she signed the same as her free and voluntary act and deed, for the uses and purposes therein mentioned.

    GIVEN under my hand and official seal this 24th day of June, 2004.

UNOFFICIAL COPY

MARTHA B. SCHAEFER
Notary Public, State of Texas
My Commission Expires
March 20, 2008

NOTARY PUBLIC in and for the
State of *TEXAS*, residing
at *102 Anne Lewis*
*San Antonio TX 78246*
NOTARY - Print or Type Name
My Commission Expires: _____

STATUTORY WARRANTY DEED (FULFILLMENT) Page 2

After Recording Mail To:
GALE & KAREN EASTERDAY
CODY & DEBBY EASTERDAY
631 Bellflower Road
Mesa, WA 99343



**1689881**
Page: 1 of 2
09/19/2006 12:37P
BENTON FRANKLIN TITLE    DEED    33.00  Franklin Co, WA

EXCISE TAX
Ord. Under R.C.W. 2

11-1-1995

Rec. No. 7827

Franklin County Treasurer

## BENTON FRANKLIN TITLE CO.

### STATUTORY WARRANTY DEED
### (FULFILLMENT)

*Fm0*                                                          33

GRANTOR:              ARMSTRONG, PATRICIA R.
GRANTEES:             EASTERDAY, GALE; EASTERDAY, KAREN
                      EASTERDAY, CODY; EASTERDAY, DEBBY
Abbreviated Legal:    All Blocks 13 & 14, Northern Pacific Addition to Pasco
                      Franklin County, Washington
(See Full Legal Description at Page 1)
Tax Parcel No.:       112-021-017
Real Estate Excise Tax was paid on November 1, 1995; Rec. No. 525228 .

THE GRANTOR, PATRICIA R. ARMSTRONG, as her separate property, for and in consideration of $10.00 and other good and valuable consideration, in hand paid, conveys and warrants to GALE EASTERDAY and KAREN EASTERDAY, husband and wife; and CODY EASTERDAY and DEBBY EASTERDAY, husband and wife, the following-described real estate, situated in the County of FRANKLIN, State of Washington:

> An undivided 3.15903% interest in and to:
> All of Blocks 13 and 14, Northern Pacific Addition to the City of Pasco, according to the Plat thereof recorded in Volume B of Plats, page 60, records of Franklin County, Washington.
>
> SUBJECT TO easements, reservations, restrictions and conditions of record; and
> SUBJECT TO reservation in deed recorded November 14, 1990 under Auditor's File No. 475531

This deed is given in fulfillment of that certain real estate contract between Charlie Cox and Helen Cox, husband and wife, seller, and the Grantees named herein, buyer, dated the 31st day of October, 1995, recorded under Auditor's No. 525228 and conditioned for the conveyance of the above-described property, and the covenants of warranty herein contained shall not apply to any title, interest or encumbrance arising by, through or under the purchaser in said contract, and shall not apply to any taxes, assessments or other charges levied, assessed or becoming due subsequent to the date of said contract.

STATUTORY WARRANTY DEED (FULFILLMENT) Page 1

UNOFFICIAL COPY

DATED this 1st day of _JULY_____, 2004.

_[signature]_
PATRICIA R. ARMSTRONG

STATE OF                    )
                           : ss.
COUNTY OF                   )

On this day personally appeared before me PATRICIA R. ARMSTRONG to me known to be the individual described in and who executed the within and foregoing instrument, and acknowledged that she signed the same as her free and voluntary act and deed, for the uses and purposes therein mentioned.

GIVEN under my hand and official seal this 1st day of _JULY_____, 2004.

**UNOFFICIAL COPY**

_[signature] Karen L Atkinson_
NOTARY PUBLIC in and for the State of _FLU_____, residing at _BRANDON FL._
_KAREN L. ATKINSON_
NOTARY - Print or Type Name
My Commission Expires: _____



Karen L Atkinson
My Commission DD086180
Expires January 23, 2006

STATUTORY WARRANTY DEED (FULFILLMENT) Page 2



After Recording Mail To:
GALE & KAREN EASTERDAY
CODY & DEBBY EASTERDAY
631 Bellflower Road
Mesa, WA 99343

1689882
Page: 1 of 2
09/19/2006 12:37P
BENTON FRANKLIN TITLE    DEED    33.00 Franklin Co, WA

REAL ESTATE EXCISE TAX
Franklin County Ord. Under R.C.W. 23.45
Date 11-1-1995
Amount $ 9180.00 Rec. No. 7897
Franklin County Treasurer

## BENTON FRANKLIN TITLE CO.

### STATUTORY WARRANTY DEED
#### (FULFILLMENT)

*Fmo*                                                    **33**

GRANTOR:              PERRY, JANICE LYNN
GRANTEES:             EASTERDAY, GALE; EASTERDAY, KAREN
                      EASTERDAY, CODY; EASTERDAY, DEBBY
Abbreviated Legal:    All Blocks 13 & 14, Northern Pacific Addition to Pasco
                      Franklin County, Washington

(See Full Legal Description at Page 1)
Tax Parcel No.: 112-021-017
Real Estate Excise Tax was paid on November 1, 1995; Rec. No. 525228 .

THE GRANTOR, JANICE LYNN PERRY, as her separate property, for and in consideration of $10.00 and other good and valuable consideration, in hand paid, conveys and warrants to GALE EASTERDAY and KAREN EASTERDAY, husband and wife; and CODY EASTERDAY and DEBBY EASTERDAY, husband and wife, the following-described real estate, situated in the County of FRANKLIN, State of Washington:

    An undivided 3.15903% interest in and to:
    All of Blocks 13 and 14, Northern Pacific Addition to the City of Pasco, according to the Plat thereof recorded in Volume B of Plats, page 60, records of Franklin County, Washington.

    SUBJECT TO easements, reservations, restrictions and conditions of record; and
    SUBJECT TO reservation in deed recorded November 14, 1990 under Auditor's File No. 475531

This deed is given in fulfillment of that certain real estate contract between Charlie Cox and Helen Cox, husband and wife, seller, and the Grantees named herein, buyer, dated the 31st day of October, 1995, recorded under Auditor's No. 525228 and conditioned for the conveyance of the above-described property, and the covenants of warranty herein contained shall not apply to any title, interest or encumbrance arising by, through or under the purchaser in said contract, and shall not apply to any taxes, assessments or other charges levied, assessed or becoming due subsequent to the date of said contract.

STATUTORY WARRANTY DEED (FULFILLMENT) Page 1


DATED this *1st* day of *July*, 2004.

*Janice Lynn Perry*
JANICE LYNN PERRY

STATE OF *California* )
                                        : ss.
COUNTY OF *Marin* )

On this day personally appeared before me JANICE LYNN PERRY to me known to be the individual described in and who executed the within and foregoing instrument, and acknowledged that she signed the same as her free and voluntary act and deed, for the uses and purposes therein mentioned.

GIVEN under my hand and official seal this *1st* day of *July*, 2004.

UNOFFICIAL COPY

*Elanor Cherier*
NOTARY PUBLIC in and for the State of *California*, residing at *Mill Valley*.
*Elanor Cherier*
NOTARY - Print or Type Name
My Commission Expires: *Feb 3, 2006*



ELANOR CHERIER
Commission # 1342313
Notary Public - California
Marin County
My Comm. Expires Feb 3, 2006

STATUTORY WARRANTY DEED (FULFILLMENT) Page 2

After Recording Mail To:
GALE & KAREN EASTERDAY
CODY & DEBBY EASTERDAY
631 Bellflower Road
Mesa, WA 99343



REAL ESTATE EXCISE TAX
Franklin County Ord. Under R.C.W. 20.45

Date   11-1-1995

Amount $ 9180⁰⁰   Rec. No. 7827

Franklin County Treasurer

## BENTON FRANKLIN TITLE CO.

### STATUTORY WARRANTY DEED
### (FULFILLMENT)

Fmo

33

GRANTOR:            PERRY, JESSICA S.
GRANTEES:           EASTERDAY, GALE; EASTERDAY, KAREN
                    EASTERDAY, CODY; EASTERDAY, DEBBY
Abbreviated Legal:  All Blocks 13 & 14, Northern Pacific Addition to Pasco
                    Franklin County, Washington
(See Full Legal Description at Page 1)
Tax Parcel No.:     112-021-017
Real Estate Excise Tax was paid on November 1, 1995; Rec. No. 525228.

THE GRANTOR, JESSICA S. PERRY, as her separate property for and in consideration
of $10.00 and other good and valuable consideration, in hand paid, conveys and warrants to
GALE EASTERDAY and KAREN EASTERDAY, husband and wife; and CODY
EASTERDAY and DEBBY EASTERDAY, husband and wife, the following-described real
estate, situated in the County of FRANKLIN, State of Washington:

> An undivided 4.58400% interest in and to:
> All of Blocks 13 and 14, Northern Pacific Addition to the City of Pasco, according to the
> Plat thereof recorded in Volume B of Plats, page 60, records of Franklin County,
> Washington.

> SUBJECT TO easements, reservations, restrictions and conditions of record; and
> SUBJECT TO reservation in deed recorded November 14, 1990 under Auditor's File No.
475531

This deed is given in fulfillment of that certain real estate contract between Charlie Cox and
Helen Cox, husband and wife, seller, and the Grantees named herein, buyer, dated the 31st day of
October, 1995, recorded under Auditor's No. 525228 and conditioned for the conveyance of the
above-described property, and the covenants of warranty herein contained shall not apply to any
title, interest or encumbrance arising by, through or under the purchaser in said contract, and
shall not apply to any taxes, assessments or other charges levied, assessed or becoming due
subsequent to the date of said contract.

STATUTORY WARRANTY DEED (FULFILLMENT) Page 1


DATED this _6_ day of _July_____, 2004.

_Jessica S. Perry_____
JESSICA S. PERRY

STATE OF _California_ )
                                : ss.
COUNTY OF _San Francisco_

     On this day personally appeared before me JESSICA S. PERRY to me known to be the individual described in and who executed the within and foregoing instrument, and acknowledged that she signed the same as her free and voluntary act and deed, for the uses and purposes therein mentioned.

     GIVEN under my hand and official seal this _6_ day of _July 2004_, 2004.



_Nas Lozani_____
NOTARY PUBLIC in and for the
State of _California_, residing
at _San Francisco, CA._
_NAS LOZANI_____
NOTARY - Print or Type Name
My Commission Expires: _9, 26, 2005_

NAS LOZANI
Commission # 1319198
Notary Public - California
San Francisco County
My Comm. Expires Sep 26, 2005

STATUTORY WARRANTY DEED (FULFILLMENT) Page 2

UNOFFICIAL COPY

After Recording Mail To:
GALE & KAREN EASTERDAY
CODY & DEBBY EASTERDAY
631 Bellflower Road
Mesa, WA 99343



**1689917**
Page: 1 of 2
09/19/2006 03:38P
BENTON FRANKLIN TITLE    DEED    33.00 Franklin Co, WA

REAL ESTATE EXCISE TAX
Franklin County Ord. Under R.C.W. 23.45
Date _____ 11-1-1995
Amount $ 4180.00 Rec. No. 7837

BENTON FRANKLIN TITLE CO.

Fmo

## STATUTORY WARRANTY DEED
### (FULFILLMENT)

33

GRANTOR:         EDGE, MOLLY
GRANTEES:        EASTERDAY, GALE; EASTERDAY, KAREN
                 EASTERDAY, CODY; EASTERDAY, DEBBY
Abbreviated Legal:    All Blocks 13 & 14, Northern Pacific Addition to Pasco
                 Franklin County, Washington
(See Full Legal Description at Page 1)
Tax Parcel No.:       112-021-017
Real Estate Excise Tax was paid on November 1, 1995; Rec. No. 525228.

THE GRANTOR, MOLLY EDGE, as her separate property, for and in consideration of $10.00 and other good and valuable consideration, in hand paid, conveys and warrants to GALE EASTERDAY and KAREN EASTERDAY, husband and wife, and CODY EASTERDAY and DEBBY EASTERDAY, husband and wife, the following-described real estate, situated in the County of FRANKLIN, State of Washington:

> An undivided 0.85963% interest in and to:
> All of Blocks 13 and 14, Northern Pacific Addition to the City of Pasco, according to the Plat thereof recorded in Volume B of Plats, page 60, records of Franklin County, Washington.
>
> SUBJECT TO easements, reservations, restrictions and conditions of record; and SUBJECT TO reservation in deed recorded November 14, 1990 under Auditor's File No. 475531

This deed is given in fulfillment of that certain real estate contract between Charlie Cox and Helen Cox, husband and wife, seller, and the Grantees named herein, buyer, dated the 31st day of October, 1995, recorded under Auditor's No. 525228 and conditioned for the conveyance of the above-described property, and the covenants of warranty herein contained shall not apply to any title, interest or encumbrance arising by, through or under the purchaser in said contract, and shall not apply to any taxes, assessments or other charges levied, assessed or becoming due subsequent to the date of said contract.

STATUTORY WARRANTY DEED (FULFILLMENT) Page 1

UNOFFICIAL COPY

DATED this **30th** day of **August**, 2004.

_Molly Edge_
MOLLY EDGE

STATE OF **Georgia** )
                     : ss.
COUNTY OF **Tift** )

On this day personally appeared before me MOLLY EDGE to me known to be the individual described in and who executed the within and foregoing instrument, and acknowledged that she signed the same as her free and voluntary act and deed, for the uses and purposes therein mentioned.

GIVEN under my hand and official seal this **30th** day of **August**, 2004.

_Lillian S. Radford_
NOTARY PUBLIC in and for the State of **Georgia**, residing at **815 Zion Hope Rd.**
**Tifton, GA. 31793-5406**
NOTARY - Print or Type Name
My Commission Expires: **1-19-05**

STATUTORY WARRANTY DEED (FULFILLMENT) )Page 2

UNOFFICIAL COPY


After Recording Mail To:
GALE & KAREN EASTERDAY
CODY & DEBBY EASTERDAY
631 Bellflower Road
Mesa, WA 99343

REAL ESTATE EXCISE TAX
Franklin County Ord. Under _____
Date ____11-1-1995_____
Amount $__0180.00__ Rec. No. _7827_
Franklin County Treasurer

BENTON FRANKLIN TITLE CO.

Pm∪

## STATUTORY WARRANTY DEED
### (FULFILLMENT)

33

GRANTOR:            MORROW, THOMAS O.
GRANTEES:           EASTERDAY, GALE; EASTERDAY, KAREN
                    EASTERDAY, CODY; EASTERDAY, DEBBY
Abbreviated Legal:  All Blocks 13 & 14, Northern Pacific Addition to Pasco
                    Franklin County, Washington
(See Full Legal Description at Page 1)
Tax Parcel No.:      112-021-017
Real Estate Excise Tax was paid on November 1, 1995; Rec. No. 525228.

THE GRANTOR, THOMAS O. MORROW , as his separate property, for and in consideration of $10.00 and other good and valuable consideration, in hand paid, conveys and warrants to GALE EASTERDAY and KAREN EASTERDAY, husband and wife; and CODY EASTERDAY and DEBBY EASTERDAY, husband and wife, the following-described real estate, situated in the County of FRANKLIN, State of Washington:

    An undivided 3.81324% interest in and to:
    All of Blocks 13 and 14, Northern Pacific Addition to the City of Pasco, according to the
    Plat thereof recorded in Volume B of Plats, page 60, records of Franklin County,
    Washington.

    SUBJECT TO easements, reservations, restrictions and conditions of record; and
    SUBJECT TO reservation in deed recorded November 14, 1990 under Auditor's File
    No. 475531

This deed is given in fulfillment of that certain real estate contract between Charlie Cox and Helen Cox, husband and wife, seller, and the Grantees named herein, buyer, dated the 31st day of October, 1995, recorded under Auditor's No. 525228 and conditioned for the conveyance of the above-described property, and the covenants of warranty herein contained shall not apply to any title, interest or encumbrance arising by, through or under the purchaser in said contract, and shall not apply to any taxes, assessments or other charges levied, assessed or becoming due subsequent to the date of said contract.

STATUTORY WARRANTY DEED (FULFILLMENT) Page 1

DATED this _2nd_ day of _September_, 2004.

_____
THOMAS O. MORROW

STATE OF                    )
                           : ss.
COUNTY OF                   )

On this day personally appeared before me THOMAS O. MORROW to me known to be the individual described in and who executed the within and foregoing instrument, and acknowledged that he signed the same as his free and voluntary act and deed, for the uses and purposes therein mentioned.

GIVEN under my hand and official seal this _2nd_ day of _September_, 2004.

UNOFFICIAL COPY

_____
NOTARY PUBLIC in and for the State of _New Hampshire_, residing at _59 Nesmith St._
_Lawrence MA_
NOTARY - Print or Type Name
My Commission Expires: _12/5/06_

STATUTORY WARRANTY DEED (FULFILLMENT) Page 2

**Exhibit 7**

*Quit Claim Deeds*

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

em27fx010y

543716

VOL0424 PG0583
RECORDED AT THE
REQUEST OF

Crane Bergdahl

JUL 29  4 09 PH '97
543716
ZONA C. LEMPART
FRANKLIN CITY AUDITOR
DEPUTY D. Rettgfuson
MAIL TO:

After Recording Return to:
CRANE BERGDAHL
Attorney at Law
P. O. Box 2755
Pasco, Washington 99302

Legal: Blk 13 & 14, Northern Pacific
First Addition to City of Pasco, Franklin Co.
Parcel No: 112-021-017

UNOFFICIAL COPY

## QUIT CLAIM DEED

THE GRANTOR, GALE A. EASTERDAY and KAREN L. EASTERDAY,
husband and wife, and CODY A. EASTERDAY and DEBBY EASTERDAY,
husband and wife, for and in consideration of Love and
Affection, convey and quit claim to Grantee, JODY EASTERDAY, a
signal person, an undivided one-sixth (1/6th) interest in the
following described real estate, situate in the County of
Franklin, State of Washington:

> All of Blocks 13 and 14 of NORTHERN
> PACIFIC FIRST ADDITION TO THE CITY OF
> PASCO, as per plat thereof recorded in
> Volume "B" of plats, page 60, situate in
> the City of Pasco, County of Franklin,
> State of Washington.

DATED this 24 day of July, 1997.

GALE A. EASTERDAY

QUIT CLAIM DEED - 1

No Real Estate Excise Tax Paid JUL 2 9 1997
This Instrument Exempt Under R.C.W. 82.45
Treasurer, Franklin Co.        84  692

543716

543716          VOL0424 PG0584


KAREN L. EASTERDAY

CODY A. EASTERDAY

DEBBY EASTERDAY

STATE OF WASHINGTON )
                    ) ss.
County of Franklin  )

On this day personally appeared before me GALE A.
EASTERDAY to me known to be the individual described in and
who executed the within and foregoing instrument, and
acknowledged that he signed the same as his free and voluntary
act and deed, for the uses and purposes therein mentioned.

July GIVEN under my hand and official seal this 24th day of
June, 1997.



M. Karalue Blyee
Notary Public in and for the State of
Washington, residing at: Kennewick
My Commission Expires: 1-8-99

STATE OF WASHINGTON )
                     ) ss.
County of            )

On this day personally appeared before me KAREN L.
EASTERDAY to me known to be the individual described in and
who executed the within and foregoing instrument, and
acknowledged that she signed the same as her free and
voluntary act and deed, for the uses and purposes therein
mentioned.

QUIT CLAIM DEED - 2                     543716

UNOFFICIAL COPY

543716            VOL0424 PG0585

GIVEN under my hand and official seal this _24th_ day of
~~June~~ July, 1997.

_M. Karlene Keyes_
Notary Public in and for the State of
Washington, residing at: _Kennewick_
My Commission Expires: _1-9-99_

UNOFFICIAL COPY

STATE OF WASHINGTON )
County of                     ) ss.
                                    )

On this day personally appeared before me CODY A.
EASTERDAY, to me known to be the individual described in and
who executed the within and foregoing instrument, and
acknowledged that he signed the same as his free and voluntary
act and deed, for the uses and purposes therein mentioned.

GIVEN under my hand and official seal this _24th_ day of
~~June~~ July, 1997.

_M. Karlene Keyes_
Notary Public in and for the State of
Washington, residing at: _Kennewick_
My Commission Expires: _1-9-99_

STATE OF WASHINGTON )
County of                     ) ss.
                                    )

On this day personally appeared before me DEBBY EASTERDAY
to me known to be the individual described in and who executed
the within and foregoing instrument, and acknowledged that she
signed the same as her free and voluntary act and deed, for
the uses and purposes therein mentioned.

GIVEN under my hand and official seal this _24th_ day of
~~June~~ July, 1997.

_M. Karlene Keyes_
Notary Public in and for the State of
Washington, residing at: _Kennewick_
My Commission Expires: _1-9-99_

QUIT CLAIM DEED - 3

543716

# Cover Sheet



1567859
Page: 1 of 4
07/07/1999 02:14P
Franklin Co, WA

BERGDAHL CRANE        DEED        11.00

Return Address:
Crane Bergdahl, Attorney at Law
P. O. Box 2755
Pasco, Washington  99302

## PLEASE PRINT OR TYPE INFORMATION:

**Document Title(s)** (or transactions contained therein):

1. QUIT CLAIM DEED
2.
3.
4.

**Grantor(s)** (Last name first, first name, middle initials):

1. EASTERDAY, GALE A.
2. EASTERDAY, KAREN L.
3. EASTERDAY, CODY A.
4. EASTERDAY, DEBBY
☐ Additional names on page_____ of document.

**Grantee (s)** (Last name first, first name, middle initials):

1. EASTERDAY, JODY
2.
3.
4.
☐ Additional names on page_____ of document.

**Legal description** (abbreviated: ie.lot, block, plat or section, township, range, qtr./qtr.)
Blocks 13 and 14 of NORTHERN PRCIFIC FIRST ADDITION TO THE CITY
OF PASCO, Franklin County, Wn.
☐ Additional legal is on page_____ of document.

**Reference Number(s)** of documents assigned or released:

N/A

☐ Additional names on page_____ of document.

**Assessor's Property Tax Parcel/Account Number**

112-021-017
☐ Property Tax Parcel ID is not yet assigned.
☐ Additional parcel numbers on page_____ of document.

The Auditor/Recorder will rely on the information provided on the form. The staff will not read the document to verify the accuracy or completeness of the indexing information.

UNOFFICIAL COPY



1567859
Page: 2 of 4
07/07/1999 02:14P
BERGDAHL CRANE    DEED    11.00    Franklin Co, WA

1563617
Page: 1 of 3
03/22/1999 10:11A
EASTERDAY FARMS PR    DEED    10.00    Franklin Co, WA

After Recording Return to:
CRANE BERGDAHL, Attorney at Law
P. O. Box 2755
Pasco, WA  99301

# QUIT CLAIM DEED

Legal: Lots ~~13-18,/ blocks 5,/ thru Addn to Northern~~ Pacific 1st Addn.City Pasco Blk 13 & 14 Northern

Parcel No.: ~~1-01s5-1/02-0005-014~~ 112-021-017

GALE

THE GRANTOR(S), ~~GAIL~~ A. EASTERDAY AND KAREN L. EASTERDAY,

husband and wife, and CODY A. EASTERDAY and DEBBY EASTERDAY,

husband and wife, for and in consideration of love and

affection, convey and quit claim to JODY EASTERDAY, a single

person, an additional undivided one-sixth (1/6th) interest

(total holding one-third interest) in the following described

real estate, situated in the County of Franklin, State of

Washington:

No Real Estate Excise Tax Paid
This Instrument Exempt Under R.C.W. 82.45
MAR 22 1999    Treasurer, Franklin Co.
3784

All of blocks 13 and 14 of NORTHERN
PACIFIC FIRST ADDITION TO THE CITY OF
PASCO, as per plat thereof recorded in
volume "B" of plats, page 60, situate in
the City of Pasco, County of Franklin,
State of Washington.

This document is being re-recorded to correct the legal description hereon.

DATED this _18_ day of June, 1998.

_____
GALE A. EASTERDAY
Gale

QUIT CLAIM DEED - 1 -

1563617
Page: 2 of 3
03/22/1999 10:11A
EASTERDAY FARMS PR    DEED    10.00    Franklin Co, WA

1567859
Page: 3 of 4
07/07/1999 02:14P
BERGDAHL CRANE    DEED    11.00    Franklin Co, WA



KAREN L. EASTERDAY

CODY A. EASTERDAY

DEBBY EASTERDAY

STATE OF WASHINGTON    )
                       ) ss.
County of Franklin     )

On this day personally appeared before me GALE A. EASTERDAY to me known to be the individual described in and who executed the within and foregoing instrument, and acknowledged that he signed the same as his free and voluntary act and deed, for the uses and purposes therein mentioned.

GIVEN under my hand and official seal this 15th day of June, 1998.

_____
Notary Public in and for the State of Washington, residing at: Kennewick, WA
My Commission Expires: 1-9-99

UNOFFICIAL COPY

STATE OF WASHINGTON    )
                       ) ss.
County of              )

On this day personally appeared before me KAREN L. EASTERDAY to me known to be the individual described in and who executed the within and foregoing instrument, and acknowledged that she signed the same as her free and voluntary act and deed, for the uses and purposes therein mentioned.

No Real Estate Excise Tax Paid
This Instrument Exempt Under R.C.W. 82.45
Treasurer, Franklin Co.

QUIT CLAIM DEED - 2

JUL - 7 1999

GIVEN under my hand and official seal this _18th_ day of
_June_, 1998.

_M. Darlene Keyes_
Notary Public in and for the State of
Washington, residing at: _Kennewick, WA_
My Commission Expires: _1-9-99_


STATE OF WASHINGTON   )
                      ) ss.
County of _Franklin_  )

On this day personally appeared before me CODY A.
EASTERDAY to me known to be the individual described in and
who executed the within and foregoing instrument, and
acknowledged that he signed the same as his free and voluntary
act and deed, for the uses and purposes therein mentioned.

GIVEN under my hand and official seal this _18th_ day of
_June_ 1998.

_M. Darlene Keyes_
Notary Public in and for the State of
Washington, residing at: _Kennewick, WA_
My Commission Expires: _1-9-99_

STATE OF WASHINGTON   )
                      ) ss.
County of _Franklin_  )

UNOFFICIAL COPY

On this day personally appeared before me DEBBY EASTERDAY
to me known to be the individual described in and who executed
the within and foregoing instrument, and acknowledged that she
signed the same as her free and voluntary act and deed, for
the uses and purposes therein mentioned.

GIVEN under my hand and official seal this _18th_ day of
June, 1998.

_M. Darlene Keyes_
Notary Public in and for the State of
Washington, residing at: _Kennewick, WA_
My Commission Expires: _1-9-99_

QUIT CLAIM DEED - 3